## GEORGIA AND FLORIDA RAILWAY *v.* NEWTON.

1. Where on the trial of a suit against a railroad company, to recover damages for injuries alleged to have been tortiously committed by the company on the person and property of the plaintiff while crossing the railroad tracks of the former at a public street crossing, there was evidence tending to show that both the plaintiff and the defendant were negligent at the time of the injury, and where it further appears that the court in its general charge failed to instruct the jury relatively to the plaintiff's right to recover where his own negligence equals or exceeds that of the defendant, it was reversible error to refuse a written request to charge the jury as follows: "If, however, you believe that the railroad employees were negligent to some extent, and you also believe that the plaintiff was negligent to an equal or greater extent, the plaintiff can not recover in this case, and your verdict should be for the defendant."

2. It is not error to refuse a request to give to the jury a charge which does not accurately state a correct principle of law.

3. Grounds as to the unconstitutionality of an act of the legislature, which are the basis of exceptions, must be urged upon the trial, and the court must pass upon them, before error can be assigned and the questions considered by the Supreme Court.

4. An assignment of error upon the admission of testimony, which does not state what objection was made thereto when it was offered, nor set out literally or in substance the evidence objected to, will not be considered by the Supreme Court.

5. The petition was sufficient to withstand the demurrer filed.

AUGUST 12, 1913.

Action for damages. Before Judge Rawlings. Jenkins superior court. July 15, 1912.

W. H. Barrett, Dixon & Dixon, and F. H. Saffold, for plaintiff in error.

E. K. Overstreet and A. S. Anderson, contra.

HILL, J. The plaintiff in the court below brought suit against the defendant for damages resulting from injuries alleged to have been sustained by being struck by one of the defendant's engines and cars while crossing the railroad tracks of the defendant at a public street crossing in the City of Millen. The petition alleged, among other things, substantially as follows: At and before crossing the railroad tracks of the defendant the plaintiff looked in the direction from which the train of defendant was coming, and could see no light or cars, nor did he hear the bell or whistle. He was riding on the rear of a two-horse wagon drawn by two mules and driven by a negro man. The train which passes the crossing at which the injury occurred was 20 minutes late on the day of the injury, and the plaintiff thought it had gone, but he looked in both directions before going on the track. It was about dark, and he could not see an object at any distance. The train was about a car-length from him when he first saw it, and was running at a high rate of speed, which he estimated to be about 25 or 30 miles an hour, and in excess of the rate prescribed by the ordinances of the City of Millen; and it was impossible for him to have avoided being struck by the engine. The mules became frightened and turned quickly up the track in the direction the train was going. The engine struck the wheels of the wagon and one of the mules. The rear of the wagon in which he was sitting was pulled towards the train, and plaintiff attempted to leap from it, but was jerked under the car behind the engine, which ran over his foot, necessitat-

ing its amputation. The defendant filed an answer, denying the allegations of negligence on its part and averring that the alleged injury to the plaintiff was caused by his own negligence in attempting to cross the railroad track in front of a moving train, which he saw or heard, or by the exercise of ordinary care and diligence could have heard or seen before attempting to cross. A demurrer to the petition was overruled, and to this ruling the defendant filed exceptions pendente lite. On the trial there was evidence tending to support the respective contentions of the parties. The jury found a verdict for the plaintiff; and the defendant's motion for a new trial having been overruled, it excepted.

1. Error is assigned because the court refused a written request to give in charge to the jury the following: "If, however, you believe that the railroad employees were negligent to some extent, and you also believe that the plaintiff was negligent to an equal or greater extent, the plaintiff can not recover in this case, and your verdict should be for the defendant." The court erred in not giving this instruction. There was evidence tending to show that the defendant was negligent in having no headlight, in not ringing the bell, and in running at a high rate of speed, etc.; there was also evidence tending to show that the plaintiff, or his servant who was driving, was guilty of contributory negligence at the time of the injury. There was nothing in the general charge of the court to cover the request as presented by the defendant. This court has held that where the injury complained of was the result of mutual negligence by the plaintiff's servant and the defendant, there can be no recovery unless the servant was less in fault than the defendant. *Central Railroad Co.* v. *Newman,* 94 *Ga.* 564 (21 S. E. 219); *So. Ry. Co.* v. *Watson,* 104 *Ga.* 243, 247 (30 S. E. 818). This is the law in this State, as we understand it; and the requested charge being substantially a correct statement of the rule, and being authorized under the facts of this case, it was reversible error to decline to give it, where a proper request therefor had been made. See Civil Code, §§ 2781, 6084.

2. Complaint is made because of the refusal of the court to give the following instruction to the jury, duly requested in writing: "If you believe that the railroad employees were guilty of negligence caused the injury to plaintiff, and you believe that plaintiff could not have avoided the injury to himself by the exercise of ordi-

nary diligence on his part, and you believe that plaintiff was not guilty of as great amount of diligence as were the employees of the railroad; but you also believe that plaintiff was guilty of some negligence, then it is your duty to decrease the amount of the recovery to which plaintiff in this case would be entitled to by an amount of proportionate to the extent which plaintiff's negligence bears to the negligence of the employees of the railroad." We must treat this request as having been presented to the trial judge in the language above quoted, which is copied from the 7th ground of the motion for a new trial. The request is also set out in the brief for plaintiff in error, and there it is repeated, "and you also believe that plaintiff was not guilty of as great an amount of *diligence,*" etc. It may be that counsel intended to use the word "negligence," instead of "diligence," but there is no suggestion either in the record or the brief of counsel that the charge as set forth in the motion for a new trial is not in the language requested. It is also confusing in other respects, and, as it stands, of course does not accurately state a principle of law; and the court was justified in declining to give it in charge to the jury.

3. Complaint is also made because the court refused a written request to instruct the jury that section 2675 of the Civil Code (commonly known as the blow-post law) was unconstitutional; also, because he declined to instruct them: "I charge you further that the latter part of said section, to wit, 'and to simultaneously check and keep checking the speed thereof, so as to stop in time should any person or thing be crossing said track on said road,' is not the law of Georgia, and is invalid and not binding on said defendant, and that the same is unconstitutional." Several reasons were assigned in the motion for a new trial why the section in question, as a whole, and the portion above quoted, were repugnant to the clause of the Federal constitution giving to Congress the power to regulate commerce. It does not appear from the assignments of error, however, that at the time of tendering the requests to charge, or at any time during the progress of the trial, any reason was urged before the court why the law in question was unconstitutional, or what provision of the constitution it was contended it was in violation of. The request was for the court to charge broadly that the law was unconstitutional, without giving or urging at the time any reason why it was so. Grounds as to

the unconstitutionality of an act of the legislature, which are the basis of exceptions, must be urged upon the trial, and the court must pass upon them, before error can be assigned and the question considered by the Supreme Court. *Brown* v. *State,* 114 *Ga.* 60 (39 S. E. 873) ; *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103) ; *Anderson* v. *State,* 2 *Ga. App.* 1 (58 S. E. 401). The ruling here made disposes of the 10th and 11th grounds of the motion for new trial, which complain that the headlight law is not a valid law.

4. Complaint is made because the court refused "to rule out all of the evidence introduced in reference to an electric headlight or the failure to have an electric headlight on the locomotive." This court has repeatedly ruled that an assignment of error upon the admission of testimony, which does not state what objection was made thereto when offered, nor set out literally or in substance the evidence referred to, is without merit and can not be considered. *Wright* v. *Roberts,* 116 *Ga.* 194 (42 S. E. 369) ; *Pearson* v. *Brown,* 105 *Ga.* 802 (31 S. E. 746) ; *Tompkins* v. *Compton,* 97 *Ga.* 375 (23 S. E. 839) ; *Willingham* v. *Sterling Cycle Works,* 113 *Ga.* 953 (39 S. E. 314) ; *Somers* v. *State,* 116 *Ga.* 535 (42 S. E. 779) ; 1 Mich. Dig. Ga. R. 636-637; 13 Id. 134 (11).

5. The court did not err in overruling the demurrer to the petition. 　　*Judgment reversed. All the Justices concur.*