6873.  ROME RAILWAY & LIGHT CO. *v.* LIPSCOMB, trustee.

WADE, C. J. 1. The assignment of error which seeks to raise a constitutional question in this case is not only otherwise imperfect, but it does not appear therefrom that the question was presented and ruled upon at the time the motion to dismiss the plaintiff's petition was denied, the assignment of error being that the plaintiff in error "now contends that the court erred in rendering the judgment complained of," for the reasons thereafter recited, including the constitutional question apparently suggested in the bill of exceptions itself for the first time. See *Georgia & Florida Ry.* v. *Newton,* 140 *Ga.* 463 (3), 466 (79 S. E. 142); *Brown* v. *State,* 114 *Ga.* 60 (39 S. E. 873); *Griggs* v. *State,*

130 *Ga.* 16 (60 S. E. 103); *Anderson* v. *State,* 2 *Ga. App.* 1 (58 S. E. 401). The same question was in effect raised by a demurrer, but there was no exception to the order overruling the demurrer, and consequently this particular ground of the motion to dismiss can not be considered or certified to the Supreme Court, nor can the judgment on the demurrer itself be considered.

2. The court did not err in overruling the defendant's motion to dismiss the petition on the remaining grounds then urged, since the said objections did not raise any sufficient bar to the right of recovery by the plaintiff, but constituted grounds of special demurrer which should have been presented at the appearance term.

3. "Where a bond is made payable or to be performed on a stated day at a place named therein, it is unnecessary to allege or prove a demand for payment or performance at the time and place named." 5 Cyc. 815. The same rule would necessarily apply as to interest coupons, attached to a bond containing a provision that the interest is payable semi-annually at the office of the company, or of the trustee therein named, on certain days of each year, "on the surrender of the coupons hereto annexed as they severally mature." Failure to present coupons for payment at the time and place named in such a bond might perhaps subject the holder to the loss of interest thereon, and the costs of suit, in the event it was made to appear that the coupons were not in fact presented for payment at the time and place stipulated in the contract. In the absence, however, of any special demurrer or plea raising this question, it will be presumed that the coupons were properly presented and payment thereof refused, and interest thereon would be recoverable.

4. In the state of the record the court did not err in entering up the judgment complained of.                                *Judgment affirmed.*

DECIDED JULY 19, 1916.

Complaint; from city court of Floyd county—Judge Reece. June 11, 1915.

*Dean & Dean, L. H. Covington,* for plaintiff in error.

*Lipscomb & Willingham, Nathan Harris,* contra.