WADLEY SOUTHERN RAILWAY COMPANY *v.* FAGLEE.

No. 8090. November 14, 1931.

*A. S. Bradley* and *A. S. Bradley Jr.,* for plaintiff in error.
*Guy Alford* and *Felix C. Williams,* contra.

Beck, P. J. Mrs. W. C. Faglee brought an action against Wadley Southern Railway Company, to recover damages for the destruction of certain timber, trees, cord-wood, etc., which she alleged were destroyed by fire occasioned by stated acts of negligence on the part of the company. The jury returned a verdict awarding to the plaintiff a stated sum as damages. The defendant filed a motion for a new trial, which the court overruled, and the defendant sued out a bill of exceptions to this court, but the case was transferred to the Court of Appeals. That court handed down a decision

affirming the judgment refusing a new trial. On that judgment the defendant obtained a writ of certiorari.

Certain of the assignments of error contained in the bill of exceptions should have been sustained by the Court of Appeals, as they showed material error committed by the trial court. The trial court in the course of its instructions to the jury charged them as follows: "I charge you, gentlemen, in case you should find that the plaintiff has proved to your satisfaction, under the rule stated, the allegation or the charge that the defendant did, in the operation of its trains on the respective dates as alleged, October 22, 1927, and October 4, 1927, cause to be set fire to the respective tracts of land and cause damage to wood and trees on these respective tracts of land, that if that was done in either one or both cases, then with respect to each case the presumption of negligence arises against the defendant company, and then the burden of proof by the same rule is upon the defendant to overcome that presumption of negligence and prove to the satisfaction of the jury that they used ordinary care and diligence in the operation of their trains at this time." This charge was manifestly based upon section 2780 of the Civil Code, which reads as follows: "A railroad company shall be liable for any damage done to persons, stock, or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employment and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." The charge was error. It was criticised in the motion for a new trial upon the ground, among others, that the section of the Code upon which the charge is based is void and unconstitutional.

It is unnecessary to go into a discussion of the exception thus raised. The question has been settled. See Western & Atlantic R. v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884); *Seaboard Air-Line Ry. Co. v. Fountain, 173 Ga. 593*, and cit. The discussion of the question in those two cases renders it unnecessary here to enlarge upon it. It is said in the brief of counsel for defendant in error that the constitutional question was not properly raised, the portion of the constitution alleged to be violated by the statute not being sufficiently specified. There is no merit in this

contention, as an examination of the exception shows that the part of the constitution alleged to be violated is specifically pointed out. It is also said that the question of the constitutionality of a statute can not be raised for the first time in a motion for a new trial. But where, as in this case, a charge is given to a jury based upon a statute which is void because unconstitutional, and counsel could not know nor anticipate that the substance of this statute would be given in charge to the jury, they were not bound to raise the question of the constitutionality of the statute before the charge was given, and could assign error upon the charge in a motion for a new trial.

This case was properly transferred to the Court of Appeals. Before it was transferred, in fact before the bill of exceptions was signed in the case, the Supreme Court had settled the unconstitutionality of section 2780 of our Code, and it only remained for the Court of Appeals to apply that construction to the question raised in the motion for a new trial. The Court of Appeals has jurisdiction to "decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question either under its own terms or under the decisions of the Supreme Court of the State or of the United States." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374). The decision of the United States Supreme Court had been rendered before this case was transferred to the Court of Appeals, but had been published only a short time before the Court of Appeals rendered its decision. We think the ruling made in the case referred to should have been applied by the Court of Appeals and the judgment of the court below reversed.

*Judgment reversed. All the Justices concur.*