### 19944. WADLEY SOUTHERN RAILWAY CO. *v.* FAGLEE.

BROYLES, C. J. 1. This court has jurisdiction to "decide questions of law that involve application, in a general sense, of unquestioned and unambiguous provisions of the constitution to a given state of facts, and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of the State or of the United States." *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114. Under this ruling and the facts of the instant case, this court has the authority to decide the constitutional question raised.

2. Generally the question of the constitutionality of a statute can not be raised for the first time in a motion for a new trial, "but where, as in this case, a charge is given to a jury based upon a statute which is

void because unconstitutional, and counsel could not know or anticipate that the substance of this statute would be given in charge to the jury, they were not bound to raise the question of the constitutionality of the statute before the charge was given, and could assign error upon the charge in a motion for a new trial." *Wadley Southern Ry. Co.* v. *Faglee*, 173 *Ga.* 814 (161 S. E. 847).

3. The motion "to dismiss the brief of evidence and a part of the transcript of the record" is denied.

4. The petition as amended sets out a cause of action, and the court properly overruled the general and special demurrers.

5. "In view of the decision of the Supreme Court of the United States in the case of Western & Atlantic Railroad v. Henderson, 279 U. S. 639, where it was held that section 2780 of our Civil Code, relating to damages by the running of cars, etc., is unconstitutional, and the decision of" the Supreme Court of Georgia following that decision, "the trial court erred in giving in charge to the jury the substance of the section referred to." *Wadley Southern Ry. Co.* v. *Faglee*, supra. Under this ruling, the court erred in giving the charge set forth in special ground 19 of the motion for a new trial, and that error requires another hearing of the case.

6. The remaining special grounds of the motion for a new trial disclose no material error.

7. The former judgment of this court, affirming the decision of the trial court (42 *Ga. App.* 80) in refusing to grant a new trial, is hereby vacated, and the judgment of the trial court is now

*Reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED DECEMBER 15, 1931.

*A. S. Bradley, A. S. Bradley Jr.,* for plaintiff in error.
*Alford & Williams,* contra.