27465. ANDERSON *v.* THE STATE.

*D. R. Cumming, Joseph R. Cumming,* for plaintiff in error.

*W. H. Connor, solicitor-general,* contra.

MacINTYRE, J. The defendant, W. L. Anderson, was found guilty of robbery, and the jury recommended that he be punished as for a misdemeanor. The judge overruled the defendant's motion for new trial and he excepted.

■ Code, § 27-2501, as it was both before the act of 1937 (Ga. L. 1937, p. 490), and as it now is, reads as follows: "All felonies, except treason, insurrection, murder, manslaughter, assault with intent to rape, rape, sodomy, fœticide, mayhem, seduction, arson, burning railroad bridges, train-wrecking, destroying, injuring, or obstructing railroads, perjury, false swearing, and subornation of perjury or false swearing, shall be punished by imprisonment and labor in the penitentiary for the terms set forth in the several sections in this Code prescribing the punishment of such offenses; but on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors. If the judge trying the case sees proper, he may, in fixing the punishment, reduce such felonies to misdemeanors." The punishment for robbery as it appears in Code, § 26-2502, is as follows: "Robbery by open force or violence shall be punished by imprisonment and labor in the penitentiary for not less than four years nor more than 20 years." This section was amended by the act of 1937 (Ga. L. 1937, p. 490), and, as amended, reads as follows: "Robbery by open force or violence shall be punished by death, unless the jury recommends mercy, in which event punishment shall be imprisonment in the penitentiary for life: provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than 20 years, in the discretion of the court."

The plaintiff in error contends that "all offenses punishable by death at the time of the enactment of section 27-2501 are excepted from the operation thereof so far as concerns a misdemeanor recom-

mendation; and section 26-2502 itself does not provide that the offense dealt with therein shall be reducible to a misdemeanor, and the section further provides that all laws and parts of laws in conflict therewith are repealed. So if there is any conflict between the punishment provided in section 26-2502 and the punishment which may be meted out under section 27-2501 the former prevails. It is of course within the realm of possibility that it was intended that robbery by open force and violence—even after it was made a capital offense—be a reducible felony, but I submit that such does not appear on the face of the statutes and is contrary to the situation that did exist with reference to all offenses punishable by death." We can not agree with this contention. Code, § 27-2501, says "all felonies." Not one word is contained in this section which shows that the legislature intended that the test whether the punishment was reducible to a misdemeanor punishment was dependent upon whether the offense was punishable by death. On the contrary, the exceptions contained therein are not only crimes punishable by death or life imprisonment, but also crimes whose maximum and minimum punishment is less than life imprisonment. It follows therefore that the act of 1937 (Ga. L. 1937 p. 490), amending Code, § 26-2502, does not change or affect Code, § 27-2501, so far as misdemeanor punishments are concerned. We are of the opinion that the judge did not err in charging the jury in the instant case (robbery) that they could recommend a misdemeanor punishment.

■ If the judge had a right to charge the jury that they could bring in a verdict with a recommendation that the defendant be punished as for a misdemeanor, and they brought in such a verdict, nothing more appearing than that the crime was a very aggravated robbery, this court can not say, as contended by the defendant, that "the acquiescence of some of the jurors to the verdict of guilty was obtained only upon the concession by the other jurors of their consent to a farcical [misdemeanor] punishment," especially where the trial judge has approved the verdict.

■ The judge in his order overruling the motion for new trial stated: "The evidence supporting the plea of alibi is not conclusive. The evidence offered by the State to identify the accused as the person who committed this admittedly heinous offense was positive in its nature. At least two witnesses positively identi-

fied the accused as the person who committed the offense. Some others testified that the person who committed the offense was of the same size and generally similar in appearance and clothing to the accused." Upon a careful reading of the evidence we find this statement by the judge is substantiated, and we adopt his language as our own.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*