### HOWARD *v.* MacFEELEY, sheriff.

No. 12670. MAY 9, 1939.

*William H. Boyd,* for plaintiff.

*Samuel A. Cann, solicitor-general,* and *Andrew J. Ryan Jr.,* for defendant.

ATKINSON, Justice. Matthew Howard filed his petition against W. S. MacFeeley, sheriff of Chatham County, for the writ of habeas corpus. The pleadings and the evidence showed the case to be substantially as follows: On October 21, 1938, the petitioner was tried and convicted under the Code, § 26-2501, which declares: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof." On recommendation of the jury he was sentenced to serve not less than four nor more than ten years in the penitentiary, under § 26-2502, as amended by the act approved March 30, 1937 (Ga. L. 1937, p. 490), which declares: "Robbery by open force or violence shall be punished by death, unless the jury recommends mercy, in which event the punishment shall be imprisonment in the penitentiary for life; provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in

the discretion of the court." The act of 1937 was superseded or qualified by an act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-38, p. 326), which declares: "In all criminal trials, whether misdemeanor or felony, wherein the defendant does not enter a plea of guilt, the jury shall pass only on the question of the guilt or innocence of the accused; and it shall be the duty of the trial judge to fix sentence as provided by law, upon the conviction or plea of guilt of the defendant." The petitioner contended that the act of 1937, supra, should be construed in pari materia with the act of 1938, and, when so construed, that the provisions therein for punishment are too ambiguous, indefinite, and uncertain to be legally enforced; that when the act of 1937 is construed by its own terms, and without reference to the act of 1938, it is uncertain as to whether the language, "provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in the discretion of the court," was intended by the legislature to mean that such recommendation would be mandatory as to the punishment within such minimum and maximum, or that the court in its discretion could disregard such recommendation, and therefore the sentence imposed on the petitioner was void; that the act of 1937 is void also because it does not clearly and plainly appear by its terms whether or not it was the intention of the legislature, as expressed in the act, that the sentence of death might be imposed for a violation of the act, irrespective of whether extreme violence and force was used by the accused in accomplishing a robbery, or where the only force used was the mere "snatching" of property from the person of another. The writ of habeas corpus was denied, and the petitioner excepted.

■ The act approved March 30, 1937 (Ga. L. 1937, p. 490), amending the Code, § 26-2502, declares: "Robbery by open force or violence shall be punished by death, unless the jury recommends mercy, in which event punishment shall be imprisonment in the penitentiary for life; provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in the discretion of the court." In the act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-38, p. 326, sec. 1), it is declared: "In all criminal trials, whether misdemeanor or felony, wherein the de-

fendant does not enter a plea of guilt, the jury shall pass only on the question of the guilt or innocence of the accused; and it shall be the duty of the trial judge to fix sentence as provided by law, upon the conviction or plea of guilt of the defendant."

(*a*)  The act of 1937, supra, is not void, as contended, on the ground that it should be construed in pari materia with the act approved February 16, 1938, and that, when so construed, the provisions therein for punishment are too ambiguous, indefinite, and uncertain to be legally enforced.

(*b*)  Nor is the act of 1937 void, as contended, on the ground that it is uncertain, in that the language, "provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than four years nor longer than twenty years, in the discretion of the court," was intended by the legislature to mean that such recommendation would be mandatory as to the punishment within such minimum and maximum, or that the court in its discretion could disregard such recommendation.

(*c*)  As the defendant in the instant case was, on recommendation of the jury, sentenced to serve not less than four nor more than ten years in the penitentiary, it is unnecessary to decide whether the act of 1937, supra, is void because it does not clearly appear whether or not it was the intention of the legislature that the sentence of death might be imposed for a violation of the act, irrespective of whether extreme violence and force was used by the accused in accomplishing a robbery, or where the only force used was the mere "snatching" of property from the person of another.

■  The judge did not err, under the facts of this case, in refusing to discharge the prisoner on habeas corpus.

*Judgment affirmed.  All the Justices concur.*