## HARRIS *v.* THE STATE.

JENKINS, J. 1. The rulings of this court in Hardwick *Harris* v. *State,* 191 *Ga.* 243 (12 S. E. 64), involving a similar indictment against another alleged accomplice in the same transaction, are controlling adversely to the plaintiff in error in this case, as to all grounds of the present demurrer.

2. On the exceptions pendente lite to the denial of the challenge to the array of traverse jurors, the holding in the previous decision referred

to, that the sheriff was not disqualified to perform his duties in connection with the grand jury, is by analogy controlling as to the questions here raised with regard to his qualification to serve summons on the traverse jury.

3. There is no merit in the exception to the refusal of a continuance until the defendant could confer with two persons "held in jail by the State as material witnesses for the State," where the exceptions pendente lite recite that the court "then announced that an opportunity would be afforded to plaintiff in error and his counsel of conferring with the witnesses . . after the State had completed introduction of its testimony," and where, although "the court did not later" renew this offer, the defendant never sought to avail himself of the previous offer, and had full opportunity to cross-examine both witnesses when they testified for the State.

4. No abuse of discretion appears in the refusal to sustain the motion to declare a mistrial, where the exceptions pendente lite recite that two female relatives of the deceased, who sat within ten to eighteen feet from the jury box, "had their heads bowed with their handkerchiefs covering their faces, displaying their deep emotion and grief because of the death of their relative," during the examination of witnesses; that after the jury had been retired at the request of the defendant, his counsel merely "called the court's attention to the situation, and urged that steps be taken to prevent his client's being prejudiced before the jury because of the display of grief," and stated that he would be "forced to move for a mistrial if this situation continued to prevail;" that when the jury returned "and within a few minutes, two of the . . relatives, still sitting inside the bar, in view of the jury, again began to show visible signs of grief by bowing their heads and holding their handkerchiefs against their faces, while witnesses were being interrogated about blood and wounds on the deceased;" that counsel then moved for a mistrial on this ground; that "the court asked the jury if any of them had seen the exhibition of grief to hold up their hands," but none did so; whereupon the court "refused to grant a mistrial, and simply requested the relatives to restrain themselves as much as they could;" and where it does not appear that this restraint was not exercised.

5. The court did not err in admitting in evidence a written confession, signed by one who had been indicted as a principal under the same indictment on which this defendant was tried, over the objection that the confession had not been made freely and voluntarily, where on the trial of this case the alleged principal himself swore, as a witness for the State, "that sworn confession is true."

6. It was not error to admit the testimony of the alleged principal, who testified for the State, as to alleged criminal acts which he, the witness, the defendant on trial, and the two other defendants had discussed at a place kept by the other three defendants and planned to commit; such acts preceding and being related to the transaction charged in the indictment, and the defendant being present during such conversations. Nor was it error to admit testimony by this alleged principal as to a statement made to him by a third person that the other three defendants wanted him to come to their place "and play poker," and that in re-

sponse to this statement he went to the place of the defendants, where the conversations were stated to have occurred. Under the Code, § 38-302, this statement of the third person was admissible "to explain conduct" of the principal in going from another town to the place of the defendants. See *Bryant* v. *State*, 191 *Ga.* (    S. E.    ).

7. The exceptions to the admission of testimony as to the value of a pocketbook alleged to have been taken from the deceased, and the admission in evidence of the article itself, are controlled adversely to the defendant by rulings on similar exceptions in *Harris* v. *State*, supra.

8. In charging that the alleged written confession by the alleged principal, who testified for the State, should be disregarded if it "was induced by the slightest promise of reward on the part of the officers in this case," the judge did not err, in the same connection, in "limiting that part of the charge to the alleged written confession," and in telling the jury that it *"does not apply to the oral testimony from the witness-stand,"* since the testimony by the alleged principal on the stand was given, not as supporting his previous written confession, but by a witness then under examination by the State and subject to cross-examination by the defendant.

9. While it is true that "the confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself" (Code, § 38-414), it was not reversible error, on the trial of a person charged with being an accessory before the fact, to admit testimony as to an incriminatory statement by a principal, involving himself and another joint principal who had previously been convicted. In so far as the testimony related to the guilt of the principal who was alleged to have made the statement, it was admissible for the purpose of establishing his guilt as a principal. Especially would this be true where, as here, the statement complained of did not involve the alleged accessory on trial. *Brooks* v. *State*, 103 *Ga.* 50 (29 S. E. 485). In so far as this testimony might have related to the guilt of the convicted principal, its admission in evidence would be harmless, since the guilt of that principal was not put in issue. *Gullatt* v. *State*, 14 *Ga. App.* 53 (4) (80 S. E. 340).

10. In division 19 of the decision in *Harris* v. *State*, supra, which involved a similar indictment against another alleged accomplice, based on the same transaction as the present alleged offense in December, 1938, this court held, that, "Notwithstanding the act of February 16, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 326), the jury during the time that act was in force had the right, under the Code, § 26-2502, as amended by the act of 1937 (Ga. L. 1937, p. 490), to add to a verdict convicting the defendant of the offense of robbery by force both the recommendations of 'mercy' and punishment of from four to twenty years;" and that "it was error . . to instruct the jury that they were not authorized to recommend punishment of from four to twenty years," although the instructions relative to punishment and to the verdict of the jury were not erroneous on other grounds assigned. Accordingly, the similar instruction here given to the jury, that they were not authorized to recommend punishment of from four to twenty years, amounts to reversible error. See also the act of March 24, 1939 (Ga. L. 1939, pp. 285, 286), repealing "in its

entirety" the act of February 16, 1938, which had purported to limit juries to the question of guilt or innocence.

11. The court charged as follows: "If the witness himself could have been indicted or has been indicted for the offense, either as principal or as an accessory, then and in that event he would be an accomplice." This charge had reference to the testimony of the alleged principal who was jointly indicted and had been previously convicted, and who testified for the State in this case. In giving this charge, the court was instructing the jury upon the rule that, in order to convict of a felony on the testimony of an accomplice, such testimony must be corroborated either by other direct testimony or by proof of corroborating circumstances. The particular language excepted to, however, appears to have been inappropriate, and might have been confusing and misleading, inasmuch as the indictment, or even the prior conviction, of a principal does not establish the complicity of another, and in this case whether or not the *defendant* was an accomplice was one of the vital issues in the case.

12. The exceptions to refusals to give certain requested charges, other than such as are not covered by the general charge, are controlled adversely to the defendant by rulings on similar exceptions in *Harris* v. *State*, supra. The remaining exceptions, which relate to the admission of testimony by two witnesses, one that on the night of the later alleged robbery on a highway the witness was at the home of one of the alleged principals, who told him "to get the liquor and to get the hell out of there;" and the other witness, that, while he was in a café in a town near by, "the sheriff called the [town] marshal and says, 'I reckon we better go out there and see about it,'" could not under any theory have been prejudicial to the defendant.

*Judgment reversed. All the Justices concur.*

No. 13462. FEBRUARY 12, 1941.

*L. D. McGregor, Randall Evans Jr., Jack D. Evans,* and *James R. Evans,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Cecil Davis, solicitor-general, C. E. Sutton, Duke Davis, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.