SINGLETON *v.* THE STATE.

No. 14498.   JUNE 11, 1943.   ON REHEARING, JULY 9, 1943.

138

W. *George Thomas*, for plaintiff in error.

T. *Grady Head*, attorney-general, and *Norman E. English*, assistant attorney-general, contra.

JENKINS, Justice. ■ The special grounds raise questions that involve a proper construction of the robbery by force statute of 1937 (Code Supp. § 26-2502), a construction of the act of 1939 (Code Supp. §§ 27-2525, 27-2526) relative to the respective powers of judge and jury in the imposition of punishment, and the effect of the later general act on the particular robbery statute. As the law now exists, under the robbery by force act of 1937, the alternative penalties imposed are: death if the jury fail to recommend mercy; life imprisonment if the jury make a general recommendation of mercy; or imprisonment for terms from 4 to 20 years, as the jury may recommend, "in the discretion of the court." The original Code section 27-2501 (Ga. L. 1895, p. 63) made all felonies, with certain specified exceptions, punishable by imprisonment in the penitentiary for the terms specified in the particular criminal statutes, except that "on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, said crimes shall be punished as misdemeanors;" and that "if the judge trying the case sees proper, he may, in fixing the punishment, reduce such felonies to misdemeanors." This section as enacted and as codified did not include "rob-

bery by force" among the expressly excepted felonies which were not reducible to a misdemeanor on recommendation of the jury when approved by the judge, or by the judge on his own initiative. See, as to the reducibility of the punishment for robbery by force under the original law, *Anderson* v. *State*, 59 *Ga. App.* 886 (2 S. E. 2d, 515); *McHenry* v. *State*, 58 *Ga. App.* 472 (199 S. E. 57). However, sec. 2 of the act of 1939, above referred to, expressly added "robbery by force" to the excepted felonies mentioned in the Code, § 27-2501, as not reducible to misdemeanors. Section 2 being controlling, the judge did not err in failing to charge—contrary thereto—that robbery by force could be so reduced in its punishment, unless the section be held unconstitutional under a proper attack thereon.

"Since a statute is presumed to be valid and constitutional until the contrary appears, and cannot be lawfully set aside by the courts unless the alleged conflict with the constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it." *Abel* v. *State*, 190 *Ga.* 651, 653, 654 (10 S. E. 2d, 198), and cit. The general rule is well settled, both in criminal and civil cases, that "this court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge;" and that constitutional questions can not be raised for the first time by brief in this court or by the mere bill of exceptions. *Brown* v. *State*, 114 *Ga.* 60 (2) (39 S. E. 873); *Griggs* v. *State*, 130 *Ga.* 16 (60 S. E. 103); *Ga. & Fla. Ry. Co.* v. *Newton*, 140 *Ga.* 463 (3), 466 (79 S. E. 142); *West* v. *Frick Co.*, 183 *Ga.* 182 (187 S. E. 868); *Leoles* v. *Landers*, 184 *Ga.* 580 (4) (192 S. E. 218), and cit.; *Yarbrough* v. *Georgia Railroad & Banking Co.*, 176 *Ga.* 780, 783 (168 S. E. 873). Whether or not the constitutionality of a statute, in connection with a charge or a failure to charge with reference thereto, or by reason thereof, could be attacked for the first time in a motion for new trial (see *Wadley Southern Ry.* v. *Faglee*, 173 *Ga.* 814, 816, 161 S. E. 847; 44 *Ga. App.* 350 (2, 5), 161 S. E. 848), is a question that does not here arise, and no constitutional question is presented for decision as to whether sec. 2 of the act of 1939, relative to the reduction of robbery by force to

a misdemeanor, violates par. 8 of sec. 7 of art. 3 of the State constitution (Code, § 2-1808), in that it contains plural subject-matters or contains matter different from that expressed in the title to the act of 1939, since those constitutional questions are sought for the first time to be raised merely by brief of counsel for the defendant. Accordingly, the judge did not err, under the presumptively valid sec. 2 of the act of 1939, in failing to charge that the jury could recommend, subject to his approval, that the defendant be punished as for a misdemeanor.

■ Following sec. 1 of the act of 1939 which expressly repealed in its entirety the act of 1938 (Ga. L. Ex. Sess. 1937-1938, p. 326), vesting in judges instead of juries the power to fix or recommend punishment in criminal trials, and following sec. 2 of the act of 1939, relating to the reduction of all save certain expressly excepted felonies to misdemeanors, sec. 3 of the act provides: "That from and after the passage of this Act the jury in their verdict on the trial of all cases of felonies *not punishable by life imprisonment* shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as a punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit." However, under the express exception quoted, that this section shall not apply save to "felonies not punishable by life imprisonment," sec. 3 does not in any wise affect the respective rights and powers of the judge and jury in a trial for robbery by force, since, under the act of 1937 providing its punishment (Ga. L. 1937, pp. 490, 491; Code Supp. § 26-2502), such a felony is punishable by life imprisonment, among other penalties. Therefore we must look to that particular statute to ascertain the respective powers of the judge and the jury in fixing punishment.

■ Since the act of 1937 was passed, providing new punishments for robbery by force, this court has several times dealt with the provision that follows the imposition of alternative penalties of death or life imprisonment, that "the jury in all cases *may recommend* that the defendant be imprisoned for not less than 4 years nor longer than 20 years, *in the discretion of the court.*" Those

cases have arisen both before and after the time when the repealed act of 1938 was in force. This court not only has held that the robbery by force statute was not void as failing to define what the "discretion" was that was vested in the court (*Howard* v. *Mac-Feeley,* 188 *Ga.* 78, 80, 2 S. E. 2d, 913), and that the statute was not void as being too ambiguous, indefinite, or uncertain for enforcement (s. c. 80, *a*); but has further held in *Harris* v. *State,* 191 *Ga.* 243 (19) (12 S. E. 2d, 64), even when the act of 1938 was in force, that the jury "had the right . . to add to a verdict convicting the defendant of robbery by force both the recommendations of 'mercy' and punishment of from 4 to 20 years," and that it was error "to instruct the jury that they were not authorized to recommend punishment of from 4 to 20 years." Thus, while the act of 1938 was of force, although the jury could not specify what portion of the four to twenty years imprisonment should be imposed by the judge, they were empowered even then, with the approval of the judge, to bring this grade of punishment into operation, so that the judge might determine what particular portion of this term of punishment should be imposed. A fortiori, after the repeal of the act of 1938 by the act of 1939, a denial of the right to make such a recommendation was held erroneous. *Harris* v. *State,* 191 *Ga.* 555, 557 (10) (13 S. E. 2d, 459). See also, as to other cases where the act of 1938 was not applicable, *Winston* v. *State,* 186 *Ga.* 573 (1-3), 577 (198 S. E. 667, 118 A. L. R. 719); *Hurt* v. *State,* 187 *Ga.* 73 (199 S. E. 801); *Burns* v. *State,* 191 *Ga.* 60 (4), 65 (11 S. E. 2d, 350).

In the first *Harris* case, supra (191 *Ga.* 243, 260), which was determined when the act of 1938 was in force, restricting juries to the one question of guilt or innocence, this court, in construing the robbery by force statute, and in considering the right of the jury thereunder to "recommend" imprisonment for a period of four to twenty years, and the "discretion" of the court with respect thereto, said: "In effect this statute grades the offense on a scale graduated by the nature of the evidence and the circumstances of the crime, as found to be true by the jury. The only portion left to the discretion of the authority imposing the penalty, whether it be the jury or the trial judge, is in fixing a term within the minimum of 4 years and the maximum of 20 years. Before the act approved February 16, 1938, this responsibility was placed upon the jury,

but by that act it was placed upon the trial judge; and should the jury have recommended that the defendant be imprisoned for not less than 4 nor more than 20 years in the penitentiary, *and had the judge followed this recommendation,* it would have been the duty of the judge, under this act, to impose a sentence within the minimum and maximum provided by the statute, in the exercise of his discretion. The purpose of the act of 1938 was to take from the jury and vest in the trial judge the authority to fix the penalty, where the same is not definitely fixed by the statute. It had no other purpose and can be given no other effect. It did not repeal or modify the other statute here involved, in so far as the different grades of the offense are there stated. The charge was erroneous in so far as it instructed the jury that they were unauthorized to recommend punishment of not less than 4 years nor longer than 20 years in the penitentiary."

Thus, in the *Harris* decision, it was held, even when the act of 1938 was in force, that the jury still had the right to make a "recommendation" for the specified terms of years, less than life; but it was expressly recognized that such would be the sentence "had the judge followed the recommendation." While sec. 1 of the act of 1939 in terms repealed the act of 1938, neither sec. 1 nor other sections of the act of 1939 purported to modify the robbery by force statute as to the respective rights and powers of the judge and the jury in recommending or fixing punishment as provided by that particular statute.

Under the terms of the robbery by force statute, if the jury make no recommendation to mercy, the punishment is "death." If they recommend mercy generally, "punishment shall be imprisonment for life." But if the jury go further and "recommend that the defendant be imprisoned in the penitentiary for not less than 4 years nor longer than 20 years," then such a recommendation will be the punishment "in the discretion of the court." What is the significance of this last-quoted language? Clearly it can not be treated as meaningless, by holding that the judge has no discretion whatever, and that he must follow the identical finding of the jury. Clearly also, when the jury recommend mercy by a term or terms of years less than life, as the statute provides, it could not have been the legislative intent to give to the judge the power to wholly override this recommendation to mercy by imposing the death penalty,

any more than it was the legislative intent to permit the judge to impose the death penalty where the jury recommend mercy generally. As to a general recommendation of mercy, the statute by its mandatory words "shall be" makes life imprisonment the penalty. Where the jury recommend punishment for a designated term of years, only two alternative constructions remain: a right in the judge to wholly change the minimum and maximum terms of years "recommended" by the jury, by imposing different terms of years; or a right either to accept the jury's finding *in toto,* if the judge approves it, or to reject it *in toto* if he disapproves it, and in the latter event to impose life imprisonment, since the judge can not totally disregard the specific recommendation to mercy by imposing the death penalty.

The latter alternative construction seems to accord with the view of this court as expressed in the first *Harris* decision, quoted above. Such a construction likewise seems to accord more nearly with the legislative policy as to the imposition of punishment in criminal cases generally, by the repeal "in its entirety" of the act of 1938, and by the restoration to the jury, rather than the judge, of the primary responsibility of determining penalties in felony cases generally. Accordingly, where the jury has seen fit to recommend punishment for one found guilty of robbery by force, with stated minimum and maximum terms of years, the judge in his "discretion" may approve such recommendation by imposing the punishment recommended; otherwise he must impose life imprisonment.

Certain portions of the instructions to the jury in the present case correctly charged the rule just stated: that the "discretion" of the judge was limited to the right either to approve the jury's recommendation "and impose the term of years fixed . . in their verdict," or else, as the judge later charged, "the court would have the right to disapprove that recommendation and sentence the defendant for and during the remainder of his natural life," and that in no event would the "discretion" of the judge include the right to impose any sentence, between the four and twenty-year limits, different from the terms that the jury might recommend.

▮ While the judge correctly charged the jury as just stated, and later, in giving alternative forms of verdicts, referred to his right to approve or disapprove in its entirety any recommendation by the jury as to terms of years, he nevertheless had previously in-

structed them by concrete example that they could "fix not less than four years and not more than four years, and in that event that would be the sentence of the court." Also, in stating their right to fix other terms, six to eight years, ten to twelve years, or twenty years under the statute, he repeated after each statement that such a recommendation "would be the sentence of the court." Finally, but not until this longest period of time was stated, the judge correctly charged that he "would have the *right* to disapprove [the jury's] recommendation" and impose life imprisonment, or that he could "approve [their] recommendation and impose the terms of years fixed by you in your verdict." However, the jury might well have understood, in view of the extensive intervening instructions before the correct charge, that, even though the judge might have had the *right* to disapprove the terms of years recommended by the jury, yet, in view of what he specifically told them with reference to the particular terms of years stated, he would not actually exercise such right of disapproval. It has often been held, even in civil cases, that an erroneous charge is not corrected by the giving of a correct charge contradictory thereto, unless the latter statement is given in the same connection and amounts to a qualification and correction of the error. Here the correct charge did not even contradict the erroneous charge, since merely saying what the judge had the power to do did not withdraw the erroneous concrete statement as to what he actually would do. In agreeing upon a verdict recommending the lowest term of not less than four nor more than four years, the jury may have acted on the statement of the judge, which he made with reference to this particular term of years and without any condition or qualification in the same connection, that if their verdict should fix the punishment at this term of years, "that would be the sentence of the court." Such an instruction was necessarily prejudicial, since in reaching the verdict rendered it may have been a controlling or essential factor, and since the judge failed to follow the recommendation made, but imposed a sentence of life imprisonment.

It is especially contended by the State, that, even if this charge was erroneous for the reasons stated, it was harmless to the defendant, under the decision in *Echols* v. *State*, 109 *Ga.* 508 (34 S. E. 1038); and that such decision controls the instant case. The *Echols* case involved an analogous question as to an instruction on

the powers of the judge and jury in recommending and imposing punishment as for a misdemeanor in certain felony cases. It was there held: "In giving in charge so much of [that section] of the Penal Code as relates to recommendations by juries concerning punishment, the judge should not omit to state that the recommendation of a jury, made under its provisions, will be effectual only in case it is approved by him. He should not, however, give in charge the last sentence of that section, which relates to the power which the judge, independently of any action by the jury, has over penalties. . . Though the charge in the present case did not, in all respects, conform to what is above laid down, a new trial will not be ordered; for the guilt of the accused was strongly and conclusively established, and the conviction was fully approved by the trial judge." In that case the judge did in fact charge as to the right of the jury to recommend punishment as for a misdemeanor, and submitted to the jury that form of a verdict, as well as a form finding the defendant guilty without such a recommendation. There was only an omission to further charge that "such a recommendation would be effectual only in the event of its approval by the judge." It was there held that, under the "conclusive proof," in the "absence of any legal reason for so doing, we can not and will not assume that the jury would have found otherwise if the judge had informed them that their recommendation as to punishment would not be binding upon him;" and it is manifest that such "conclusive" evidence was the controlling factor in that case, since it was further said: "In a weak or doubtful case, the charge complained of might be cause for new trial." In the instant case, there was conflicting evidence for the State and the accused as to whether he participated with his codefendant in the alleged armed robbery. Accordingly, it can not be held that the error in the charge, as above shown, was harmless to the defendant; especially since it is not a question here merely of an *omission* in the charge, but the charge emphatically and in specific terms informed the jury that if they made the particular recommendation which they actually made, it would be respected, although the judge later charged them in effect that the law did not compel him so to do. See generally, as to the necessity of charging on the right of the jury to recommend punishment in cases of robbery by open force, or on their right in certain felonies to recommend punish-

ment as for a misdemeanor: *Harris* v. *State,* 191 *Ga.* 243 (19) (supra); s. c. 191 *Ga.* 555 (10) (13 S. E. 2d, 459); *Johnson* v. *State,* 100 *Ga.* 78 (25 S. E. 940); *Taylor* v. *State,* 110 *Ga.* 150 (10) (35 S. E. 161); *Butt* v. *State,* 150 *Ga.* 302 (3), 308 (103 S. E. 466); *Taylor* v. *State,* 14 *Ga. App.* 492 (81 S. E. 372); *Winder* v. *State,* 18 *Ga. App.* 67 (5) (88 S. E. 1003).

For the reasons stated, the charge was erroneous and prejudicial, and the decision as originally rendered unconditionally reversed the judgment for that reason alone. A rehearing was granted chiefly in view of suggestions in the original brief of counsel for the defendant, and in the motion for rehearing by the solicitor-general, that if the court should adhere to its ruling that the charge was erroneous and prejudicial to the defendant, a new trial might not be necessary, but the cause should be remanded to the trial judge with instructions that if in his discretion he should find it proper to impose the sentence recommended by the jury, in lieu of the sentence actually imposed, a new trial should be denied; but that if the judge, in the exercise of his discretion, should be unable to reach such a conclusion and render such a judgment, then a new trial should be granted. In his brief on rehearing, counsel for the defendant, while asking for an outright reversal, states that if the case should be given that direction, "in that event we have no complaint." While this case differs somewhat from those where there was merely an omission to charge on the right of the jury to recommend, and where the court therefore had not by its sentence in any way passed on the question of overruling the recommendation of the jury, yet in view of the authority conferred by the Code, § 24-3901 (2), "to grant judgments of affirmance or reversal, or any other order, direction, or decree required therein," and by § 6-1610 "to award such order or direction to the cause in the court below as may be consistent with the law and justice of the case," and especially where both parties have consented to such direction, the case is remanded with direction that if the trial judge, in the exercise of his exclusive discretion, shall impose the sentence recommended by the jury, then and in such event the judgment shall stand affirmed; but that if the trial judge in the exercise of his discretion should be unable to reach such a conclusion, then the judgment is reversed and a new trial is granted. As to the power and propriety of such a direction, see *Colbert* v. *State,* 91 *Ga.* 705

**148**

(3), 711 (17 S. E. 840) ; *Jackson* v. *State,* 53 *Ga.* 195 (2), 199. This procedure as to a resentence has been several times followed by the Court of Appeals. *Glover* v. *State,* 7 *Ga. App.* 628 (3), 629 (67 S. E. 687) ; *Taylor* v. *State,* 14 *Ga. App.* 492, 500 (81 S. E. 372) ; *Hollis* v. *State,* 48 *Ga. App.* 672 (3) (173 S. E. 179).

*Judgment reversed, with direction. All the Justices concur, except Duckworth, J., who dissents.*