### BOYERS *v.* THE STATE.

No. 15033. JANUARY 4, 1945. REHEARING DENIED FEBRUARY 9, 1945.

*Jule Felton* and *Graham Wright,* for plaintiff in error.

*T. Grady Head, attorney-general, F. E. Strickland, solicitor-general, W. M. Dallas,* and *Maud Saunders,* contra.

JENKINS, Presiding Justice. 1. The evidence authorized the verdict. The victim, irrespective of the testimony as to his extra-judicial identification of the defendant as his assailant, testified positively as to his identity at the trial, and there was testimony from other sources, as set forth in the statement of facts, which tended to corroborate the positive testimony of the victim identifying the defendant as his assailant.

2. The movant contends that the court erred in failing, on its own motion, to instruct the jury that, should the defendant be convicted, they might recommend that he be punished as for a misdemeanor. This ground is based upon the contention that section 2 of the act of the General Assembly of 1939 (Ga. L. 1939, p. 285), in so far as it deprives the jury of the right to recommend punishment for robbery by force as for a misdemeanor, which right

they had under the old law as set forth in the Code, § 27-2501, is unconstitutional for a number of reasons, set forth in the several grounds of the motion; but it does not appear that any of these questions were brought to the attention of the court, or that any such insistence was made during the progress of the trial and before the judge gave his instructions to the jury. The constitutionality of this provision of the act of 1939 appears never to have been adjudicated, and in *Singleton* v. *State,* 196 *Ga.* 136, 140 (26 S. E. 2d, 736), the court declined to do so where the point was made for the first time in the brief of counsel.

We are of the opinion that the court is still without jurisdiction to pass upon this question as now sought to be presented. This is true for the reason that all statutes are presumed to be constitutional until the contrary appears, and it is well settled that this court will pass upon the constitutionality of a statute only when it is made to appear from the record that the point was timely and properly presented to and passed upon by the trial court. *Singleton* v. *State,* supra. Thus a litigant, who knows that a statute is directly involved and forms the basis of the litigation, cannot be permitted to wait until after the trial has ended to bring in question its constitutionality, which he must necessarily have known would govern the court in its instructions to the jury. The rule would be different if the litigant could not know or could not reasonably anticipate that the substance of the statute would be given in charge to the jury. *Wadley Southern Ry. Co.* v. *Faglee,* 173 *Ga.* 814, 816 (161 S. E. 847). For the requirement as to showing in the trial court the reason why the statute is unconstitutional, see *Georgia & Florida Railway* v. *Newton,* 140 *Ga.* 463 (3), 466 (79 S. E. 142).

3. The exception, to the effect that the court erred in permitting the jury to determine what portion of the 4 to 20 year sentence should be imposed, is foreclosed by the decision of this court in *Singleton* v. *State,* supra, in which the court held: "The act of 1937 (Code Supp. § 26-2502), provides that robbery by force 'shall be punished by death, unless the jury recommends mercy, in which event punishment shall be imprisonment in the penitentiary for life: provided, however, the jury in all cases may recommend that the defendant be imprisoned in the penitentiary for not less than 4 years nor longer than 20 years, in the discretion of the court.'

Where the jury thus recommends mercy by recommending imprisonment within the 4 and 20 years periods, the judge by the terms of the act has a 'discretion' as to whether he will follow that recommendation or impose life imprisonment. If he does follow the recommendation rather than impose life imprisonment, he must impose the particular sentence recommended by the jury. The language of the statute does not permit the imposition of the death penalty despite a recommendation to mercy."

4. The court did not abuse its discretion in overruling the ground of the motion for new trial complaining of the court's refusal to grant a mistrial because counsel assisting in the prosecution used this language in his argument: "The evidence is so clear that the defendant committed this robbery by force and violence that no further question remains in my mind;" it further appearing that, immediately after the statement of counsel had been made, the court withdrew the same from the consideration of the jury and advised them that they should take the evidence as delivered from the witness stand and not from the opinion of the lawyers in the case. *Wells* v. *State,* 194 *Ga.* 70 (5) (20 S. E. 2d, 580) ; *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439) ; *Floyd* v. *State,* 143 *Ga.* 286 (5), 288 (84 S. E. 971).

5. Error is assigned on the alleged abuse of discretion of the court in refusing to allow the defendant to submit himself to the solicitor for cross-examination, not under oath. The Code, § 38-415, provides: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." Under the rule stated, it is the right of the defendant to make such statement as he shall think proper, not under oath, and in doing so he is privileged to transgress many of the rules of evidence by which he would be bound were he subject to the restrictions imposed upon a sworn witness. The law, however, dose not give him the right to require cross-examination, the only right being to refuse the same should he desire. Nor is there any rule requiring the solicitor-general to submit a defendant to

cross-examination, should such a proposal be made. Accordingly, the court did not deprive the defendant of any legal right to which he could lay claim. See, in this connection, *Roberson* v. *State,* 12 *Ga. App.* 102 (76 S. E. 752).

6. One of the grounds of the motion for new trial sets up the contention that the defendant's conviction under the testimony of the victim and the sheriff, which is quoted in the statement of facts, had the effect of depriving the defendant of his constitutional rights because it was in violation of the fourteenth amendment of the constitution of the United States, in that it deprived him of his liberty without due process of law and has denied him equal protection under the law. Such a general exception, which from a reading of the evidence is manifestly aimed at what movant considers the alleged coercive nature of the evidence that the defendant is claimed to have been required to give against himself, does not present the question whether the recited testimony was illegally admitted over proper objection of the defendant, and whether the testimony thus admitted over objection amounted to a violation of his constitutional rights. Accordingly, such general exception does not present any constitutional question for decision by this court. *King* v. *State,* 174 *Ga.* 432 (3) (163 S. E. 168).

7. After the introduction of the evidence in the case the defendant moved the court to exclude all the testimony of J. M. Barker, the victim, identifying the defendant as the man who assailed him, and excepts to the ruling of the court refusing to do so; first, because the defendant at the time of the extrajudicial identification was under illegal arrest; and second, because such extrajudicial identification was brought about by the alleged coercive measures taken by the sheriff in requiring the defendant to put on the clothes and hat, identified as having been worn by the robber, after the victim had previously failed to positively identify him. It is the contention of the defendant, as set forth in the motion, that J. M. Barker, the victim, could not have positively identified him, either before the trial or at the trial, had it not been for the fact that he was forced, while under illegal arrest, to put on the hat and jacket, or the fact that the sheriff put them on him. The exception thus clearly appears to embrace all of the victim's testimony as to identification, extrajudicial as well as that delivered by him on the trial. In this ground, the defendant further contended that

the jury would have been required to find him not guilty had it not been for the overruling of the ground now being considered. First, while under the terms of both our constitution and our statute, a person cannot be compelled to produce incriminating evidence against himself (Code, §§ 2-106, 38-417), under the law of this State where this rule is not violated, the mere fact that admissions are made by one while under illegal arrest does not render inadmissible testimony obtained from him which would otherwise be admissible. *Calhoun* v. *State,* 144 *Ga.* 679, 681 (87 S. E. 893). Second, even were it to be assumed that the extrajudicial identification was obtained through coercive measures directed against the defendant, requiring him in effect to incriminate himself in a way which resulted in his identification by the victim—even this would not wholly destroy the probative value of, and thus render illegal, the subsequent identification of the defendant by the victim at the time of the trial. At most, it could only be taken to throw light upon the weight and credibility of the victim's testimony when at the trial he positively identified the defendant as his assailant. Accordingly, under this view, the court did not, in any event, err in refusing to exclude all the testimony of the victim relating to the identification of the accused as his assailant.

8. The movant contends that the court erred in not charging the jury, on its own motion, that, "if they believed the sheriff forced movant to put on the jacket and hat, or forcibly put them on him, for the purposes of identification, they should acquit him unless they believed [him to be guilty] by facts and circumstances exclusive of the identification of J. M. Barker based on exhibitions of movant to him after he was told by the sheriff to don the hat and jacket and was carried to J. M. Barker by the sheriff for identification." The overruling of this ground was not error, since, even were it to be assumed that the jury would have been authorized to believe that the extrajudicial identification had been obtained by coercion, this would not have prevented the jury from believing the testimony of the victim, at the time of the trial, identifying the defendant as his assailant; and the contention made by this ground of the motion carries the implication, or at least is ambiguous in that it appears to assume, that, if there was coercion in the first instance, his subsequent testimony at the time of the trial would necessarily be based upon the extrajudicial iden-

tification. As stated in the preceding opinion, any coercion, if such were believed by the jury to have taken place, might tend to discredit and affect the credibility of his subsequent testimony, but would not render it illegal.

9. Another ground of the motion for new trial is made in the following language: "Movant contends that the court erred in admitting in evidence the following 'italicized' testimony of C. G. Meeks, sheriff of Upson County, witness for the State, over the timely and legal and proper objection of movant made at the time it was given by the witness: 'I gave the clothes to him and told him to put them on, but whether I held them for him or not, I don't remember. *Judge, I did not force them on him. As to whether he put them on of his own accord, well, he was willing to put them on, even if I held them.* He did not object. He offered no objection to putting them on.'" The objection offered was that the statements and conduct of the sheriff showed compulsion and the evidence was only a conclusion of the witness. The movant contends that the court refused to rule on the objection to the testimony and in effect admitted it. The court stated that he would "pass on that when it comes up." The movant contends that the court should have then and there excluded the testimony; that the question was "up" at that time, and all through the case, but that the court made no ruling on it at any time, even in his charge to the jury; and that, under the circumstances, it was not the movant's duty to renew the motion, since neither the same nor similar evidence was introduced calling for a renewal of the motion, and the movant could not tell when the question would "come up" in the mind of the court; that the effect of the ruling was to admit the testimony which was harmful and prejudicial to the defendant, because it influenced the jury to find that the movant voluntarily put the clothes and hat on, when, taking the sheriff's legally admitted statement as true, the movant was compelled to don the apparel and furnish evidence tending to criminate him. The ground recites that the evidence shows without dispute that the movant was under illegal arrest and was never asked whether he objected to the procedure followed by the sheriff or not; and that the victim of the robbery was enabled positively to identify the defendant, as he testified, by reason of the fact that the defendant was exhibited to him after he had on the clothes, identified by the

victim as being those worn by his assailant, when the victim could not "exactly" identify the defendant without the clothes on. In *Black* v. *State,* 187 *Ga.* 136 (2) (199 S. E. 810), this court said: "Where, over objection, the court admits evidence with a statement that the objection will be passed on later in the trial, it is incumbent upon the objecting party, if the evidence be inadmissible, to direct the attention of the court thereto either before or at the close of the testimony, and move to exclude it, and upon his failure to do so he will be held to have waived his objection. *Cawthon* v. *State,* 119 *Ga.* 395 (7) (46 S. E. 897). A like rule obtains where evidence is provisionally admitted on condition that it will later be connected properly by other testimony." In the instant case, the effect of the action of the judge was to admit the testimony with the statement that he would defer passing upon the objection, and under the cases cited it was incumbent upon the objecting party, either before or at the close of the testimony, to move to exclude it. Whether or not, in a case where the evidence objected to was manifestly and inherently inadmissible, even when taken in connection with any possible additional testimony or in view of any subsequently proved surrounding facts and circumstances, it would be erroneous for the judge to refuse to exclude it at the time the motion was made, is not a question which presents itself for our proper determination, for the reason that in the instant case what the judge must have had in mind was that he desired, before passing upon the objection, to get the complete setting of the case and all of its surrounding facts and circumstances, with any additional testimony which might throw light upon the questions as to whether the evidence objected to was in fact opinionative, and as to whether such testimony showed that coercion had in fact been applied.

(a) The writer, speaking not for the court, but expressing only his individual view, agrees with the other members of the court in the affirmance of the case in accordance with the rulings which have been set forth; but he is of the opinion that, under the ruling in *Elder* v. *State,* 143 *Ga.* 363 (85 S. E. 97), the testimony with respect to the extrajudicial identification transgressed the constitutional and statutory inhibition which prohibits a defendant from being made to testify against himself; or that, at least, it raised a question as to whether or not it did so, in which latter case the

question as to whether it was or was not coercion should have been submitted to the jury. See, in this connection, *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820). He is of the opinion, however, that, since the jury were entitled to believe the testimony of the victim as delivered on the trial, the objections made to the admission of this testimony and the other exceptions taken with respect thereto were too broad, and therefore ineffective. He is further reconciled to the judgment of affirmance for the reason that the evidence attacked was not only not harmful to the defendant but necessarily must have been helpful, in that it could only have tended to weaken testimony of the victim on the trial, identifying the accused as his assailant. See, in this connection, 70 A. L. R. 911, 915. *Judgment affirmed. All the Justices concur.*