## 58572. WEAVER v. THE STATE.

SHULMAN, Judge.
Defendant appeals his conviction of the offense of speeding. We affirm.

1. Defendant argues on appeal that Ga. L. 1978, p. 2254, Sec. 1 (c) (2) (the law applicable at the time of the alleged offense), which appears to require only municipal and county law enforcement officers (and not state patrol officers) to give notice to "each person against whom the officer intends to make a charge based on the use of the [radar] device that the person has a right to request the officer to test the device for accuracy" violates equal protection and due process. Appellant submits that there is no reasonable basis for distinguishing between state patrol officers and county and municipal law enforcement officers for purposes of verifying radar equipment. Thus, appellant argues, the fact that the state patrol officer who arrested the defendant did not inform him of his right to request that the radar be tested for accuracy mandates a reversal of his conviction.

Because we deemed this issue properly in the jurisdictional power of the Supreme Court, this case was transferred to that court. Since the Supreme Court has

declined to review defendant's constitutional challenge to Ga. L. 1978, p. 2254, Sec. 1 (c) (2), and since the case does not involve application of unquestioned and un-ambiguous provisions of the Constitution to a given state of facts, we are authorized to conclude that the issue was not properly raised. *Wadley Southern R. Co. v. Faglee,* 42 Ga. App. 80 (1) (155 SE 65), revd. on other grounds, 173 Ga. 814 (161 SE 847).

2. Since the law applicable at the time of the alleged offense (Ga. L. 1978, p. 2254) is clearly limited in its application to "law enforcement officers of the various counties and municipalities" (id., Sec. 1 (a)), and does not apply to state law enforcement officers (but see Ga. L. 1979, p. 771, which provides for the applicability of certain provisions of the Act to state law enforcement officers), appellant's argument that all law enforcement officers, including those of the state, were required to comply with the calibration and notice requirements of that law is without merit.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 9, 1979 — REHEARING DENIED NOVEMBER 26, 1979.

James Weaver, *pro se.*

*Charles E. Day, Assistant District Attorney,* for appellee.