*WALKER & CHAPMAN, plaintiffs in error, *v.* H. C. MITCHELL & COMPANY, defendants in error.

(Atlanta, June Term, 1870.)

1. CONTINUANCE—DISCRETION OF COURT—APPELLATE PRACTICE.—This Court will not control the discretion of the Court below in granting or refusing a continuance, unless there has been a manifest abuse of that discretion.

2. EVIDENCE—ADMISSIBILITY—EVIDENCE INDIRECTLY RELEVANT.*—When testimony is offered, which, taken in connection with the evidence before the jury, tends to illustrate the issue, or to aid in arriving at the truth, it should not be rejected, though it may appear to be irrelevant when taken by itself.

Continuance. Evidence. Before Judge Johnson. Muscogee Superior Court. November Term, 1869.

H. C. Mitchell and Robert M. Gunby, partners under the style of H. C. Mitchell & Company sued Woolfolk Walker and Henry A. Chapman, partners, under the style of Walker & Chapman, upon an open account for $1,757 78, for goods sold and delivered. No credits appeared upon their bill of particulars. The plea was payment in full, without specifying how or when. When the cause was called defendants moved for a continuance on the following grounds, supported by the oath of said Walker: That before the Court he had delivered to plaintiffs a draft for $500 00, drawn by Walker & Chapman, and accepted by Gray, Bedell & Hughes, which was to be applied as part payment of said account, that said Gunby endorsed said draft, deponent had paid it and delivered it to his attorneys; that they had searched for it and could not find it; that if deponent had it, it was locked up in his mother's iron safe, and that she was in New Orleans, and he could not open the safe; that, had he not believed his attorneys had it, he would have searched said safe for it. Further he said he had delivered to one of plaintiff's attorneys a memorandum of said acceptors, by which he could identify said draft, and that said attorney had promised to bring it into Court, but had failed to do so. The continuance was refused.

One of the plaintiffs testified to the correctness of their account, and they closed. Walker then testified

---

*EVIDENCE — ADMISSIBILITY—EVIDENCE INDIRECTLY RELEVANT.—In Talbotton R. Co. *v.* Gibson, 106 Ga. 236, 32 S. E. Rep. 151, the court said: "Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate the issue and to aid the jury in arriving at the truth of the matter should be admitted. Walker *v.* Mitchell, 41 Ga. 102. The rule in this state is to admit evidence which is of doubtful relevancy. Augusta Factory *v.* Barnes, 72 Ga. 218; Dalton *v.* Drake, 75 Ga. 115; S. F. & W. R. Co. *v.* Flannagan, 82 Ga. 580, 9 S. E. Rep. 471."

that he delivered to plaintiffs four drafts, for $500 00 each, and each *accepted by Gray, Bedell & Hughes, one drawn by Walker & Chapman, and the other by himself, for Mrs. C. M. Walker; and that the one drawn by his firm was to be applied to said account, and the others to Mrs. Walkers' account; that he acted as agent for Mrs. Walker, and for his firm, and made said arrangement with said Gunby, and that no credit had been given for said drafts.

In rebuttal, Gunby testified that Walker made the arrangement with him as to purchasing said goods, and delivered to him two or three drafts, of $500 00 each, two drawn by Walker & Chapman, and that he then and there "credited the accounts of Walker, as he directed, giving the particular account credit, as directed by Walker." In surrebuttal, defendants offered in evidence the pleadings in a suit then pending, in favor of said plaintiffs, against Mrs. Walker, to show that the account in it, sued upon, had no credits upon it, except one by a draft of $500 00. The Court rejected this evidence because of irrelevancy.

The jury found for the plaintiffs, for the full amount sued for. The defendants say the Court erred in refusing to continue said cause, and in rejecting said record.

Blanford & Miller, for plaintiffs in error.

Smith & Alexander, for defendants.

By the Court—BROWN, C. J., delivering the opinion.

1. We incline to think the motion for a continuance might very properly have been granted upon the showing made in this case, but as this was a matter in the sound discretion of the presiding Judge, we will not interfere, as we cannot say there was manifest abuse of that discretion.

2. The evidence which was rejected by the Court, taken alone, would seem to be irrelevant. But when taken in connection with what both Walker and Gunby had sworn, we think it was admissible. As it had been testified that three of the four drafts were to be credited on the account of Mrs. Walker, and the account as sued on, showed only one so *credited, we think the evidence should have gone to the jury for what it was worth. In the connection in which it was offered it tended to illustrate the issue and to aid in arriving at the truth. It was a circumstance in support of Walker's side of the case and in opposition to Gunby's version of the transaction.

Judgment reversed.