## BROWN *v.* THE STATE.

1. The provisions of Penal Code, § 341, which prohibits the carrying of concealed weapons, are sufficiently broad to embrace the carrying of such weapons by a person within the limits of his own home.
2. This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge.
3. The evidence authorized the verdict, and there was no error in refusing to grant a new trial.

Argued October 22, — Decided November 6, 1901.

Accusation of carrying a concealed weapon. Before Judge Proffitt. City court of Elberton. August term, 1901.

*Ira C. VanDuzer,* for plaintiff in error.
*Thomas J. Brown, solicitor,* contra.

COBB, J. The accused was tried upon an accusation charging him with having and carrying about his person a concealed pistol. It appears from the evidence that at the time the pistol was carried in the manner just referred to the accused was in his own home. The court charged the jury "that a man has no right to carry a pistol in the manner prohibited by law, that is, concealed on his person, even though he might be carrying the same for the purpose of defending and protecting his own home, his person, or his property, and might be at the time he so carried it in his own house or home." Upon this charge there is a general assignment of error, and it was argued here by counsel for plaintiff in error that the charge was erroneous for two reasons: first, because the statute prohibiting the carrying of concealed weapons did not apply when a man was in his own home; and, second, that if the statute could be properly so construed, it was to that extent unconstitutional.

The statute declares that "Any person having or carrying about his person, unless in an open manner and fully exposed to view, any pistol, . . shall be guilty of a misdemeanor." Penal Code, § 341. The statute is broad enough to embrace any and all places, and there is nothing in it to indicate a legislative intent that the statute should not apply when the person carrying the concealed pistol was at the time within the confines of his own home. But it is claimed that the General Assembly had no authority under the constitution to pass an act so broad in its terms. There is nothing in the record to indicate that such a question was ever passed upon by the presiding judge. The motion for a new trial contains only the general grounds and an assignment of error upon the charge complained of, which is quoted above, and this assignment is merely a general one without specifying any reason why the charge is erroneous. It is well settled now that, before this court will undertake to pass upon the constitutionality of an act of the General Assembly, it must clearly appear from the record not only what clause or paragraph of the constitution the statute is claimed to be in violation of, but it must also in like manner appear that the question so made was actually presented to the presiding judge and distinctly passed upon by him. See *Savannah Railway Co.* v. *Hardin*, 110 *Ga.* 433, 437. The evidence authorized the verdict, and the rulings complained of were not erroneous for any reason appearing in the record.

*Judgment affirmed. All the Justices concurring.*