HERNDON *v.* THE STATE.

No. 9871. September 28, 1934.

Motion to rehear. See 178 *Ga.* 832 (174 S. E. 597).

*John H. Geer* and *W. N. Seymour,* for movant.

Bell, J. Angelo Herndon was convicted of the offense of an attempt to incite an insurrection as defined in the Penal Code, § 56, and was given a sentence in accordance with section 57. His motion for a new trial was overruled, and the judgment was affirmed by this court in a decision reported in 178 *Ga.* 832. No attack upon the constitutionality of the statute under which he was convicted was made in the court below, and none was attempted in this court prior to the decision referred to and the judgment based thereon. But, during the same term in which the judgment of affirmance was rendered and before the remittitur was forwarded to the clerk of the trial court, the defendant (plaintiff in error) filed a motion for a rehearing, suggesting some constitutional considerations, and being in its material parts as follows:

"Upon the trial of this case in the court below, the trial judge charged the jury (R. 195): ' . . That advocacy, however reprehensible morally, is not sufficient to convict the defendant where there is no evidence to indicate that the advocacy would be acted upon immediately. In order to convict the defendant, gentlemen, it must appear clearly by the evidence that immediate serious violence against the State of Georgia was to be expected or advocated.' And also (R. 195) 'that an attempt to commit an act which is, in fact, a crime, is not complete unless the alleged crime is dangerously near completion.' Thus, as the trial judge construed the statute in question, it does not make criminal *every* attempt, by persuasion or otherwise, to induce others to join in combined resistance to the authority of the State, but only *such* attempts as are intended to bring about such resistance immediately or as are likely under all the circumstances to bring about such

resistance immediately. The jury having returned a verdict of guilty, the plaintiff in error moved for a new trial on the ground that the verdict was contrary to law and the evidence (R. 16), and, his motion for a new trial having been denied, he duly excepted (R. 2). In construing the statute for the purpose of determining whether the evidence was sufficient to support the verdict, this court said in its opinion (174 S. E. 609) : 'It is immaterial whether the authority of the state was in danger of being subverted or that an insurrection actually occurred or was impending.' And this court also said (174 S. E. 610) : 'Force must have been contemplated, but, as said above, the statute does not include either its occurrence or its imminence as an ingredient of the particular offense charged. Nor would it be necessary to guilt that the alleged offender should have intended that an insurrection should follow instantly or at any given time, but it would be sufficient that he intended it to happen at any time, as a result of his influence, by those whom he sought to incite. It was the intention of this law to arrest at its incipiency any effort to overthrow the state government, where it takes the form of an actual attempt to incite others to insurrection.' Thus, as this court construed the statute, *every* attempt to persuade others to join in combined resistance to the authority of the State is criminal, provided only that the person making the attempt intended forcible resistance to occur at some time, however remote, as the result of his persuasion, however unlikely that his attempt would succeed. It is obvious that this court's construction of the statute is radically different from that of the trial judge. That means that the statute as applied by the trial court was a very different statute from the statute as applied by this court.

"Under the trial judge's construction, the evidence was insufficient to support the verdict of guilty unless it was proved either that the plaintiff in error attempted to persuade others to engage in *immediate* forcible resistance to the authority of the State or that the plaintiff in error should have foreseen under the circumstances that forcible resistance was likely to result *immediately*. Under this court's construction of the statute, the evidence was sufficient to support the verdict if it was proved that the plaintiff in error intended that forcible resistance to the State's authority should occur at any time whatever as the result of his persuasion, however unlikely that result under the circumstances. The rigid

and narrow construction of the statute by this court necessarily raises the question whether the statute as construed and applied *by this court* to the facts of this case was repugnant to the due-process clause of the fourteenth amendment to the Federal constitution. This question was obviously material to a decision of the appeal of the plaintiff in error because if the statute as construed by this court is unconstitutional the judgment of guilty rendered by the court below could not be lawfully affirmed. Moreover, no procedural obstacle is present to prevent consideration and determination of the constitutionality of the statute in question as construed and applied *by this court*. That question originated in this court, and the plaintiff in error was not required to anticipate, nor could he have anticipated, while the case was in the trial court, that this court would construe and apply the statute differently and even more strictly than it had been construed and applied in the trial court. Neither by an exception to the trial judge's charge, on the ground that the statute as construed by the trial judge was unconstitutional, nor by any conceivable assignment of error could the plaintiff in error have raised in the trial court the question of the constitutionality of the statute as it was subsequently construed and applied by this court. That question was therefore not only material to a decision of the appeal of the plaintiff in error but it is properly before this court, since it originated here and is now called to the attention of this court by the plaintiff in error at the first opportunity for so doing. The plaintiff in error respectfully submits that under the decisions of the Supreme Court of the United States in Schenck *v.* U. S., 249 U. S. 47, 52, Fiske *v.* Kansas, 274 U. S. 380, and Stromberg *v.* California, 283 U. S. 359, the statute as construed and applied by this court is repugnant to the due-process clause of the fourteenth amendment. This constitutional question was first presented by the decision of this court and should be considered by it before making a final determination of the appeal of the plaintiff in error. The plaintiff in error respectfully submits that this court should grant a rehearing of the appeal so that the court may now consider and decide the question whether the statute as construed and applied by it is constitutional."

■ The language used by this court should be considered with the usual reasonable implications. The phrase "at any time," as criticized in the motion for rehearing, was not intended to mean at

any time in the indefinite future, or at any possible later time, however remote. An activity now could hardly be expected to be the direct producing cause of an insurrection after the lapse of a great period of time, and it was not the purpose of this court to suggest that as to the mental requisite any such intent would be a sufficient ingredient of an attempt to incite an insurrection. On the contrary the phrase "at any time" was necessarily intended, and should have been understood, to mean within a reasonable time; that is, within such time as one's persuasion or other adopted means might reasonably be expected to be directly operative in causing an insurrection. Accordingly, the statements by this court as quoted in the motion for rehearing are to be accepted in the following sense: Force must have been contemplated, but the statute does not include either its occurrence or its imminence as an ingredient of the particular offense charged. Nor would it be necessary to guilt that the alleged offender should have intended that an insurrection should follow instantly or at any given time, but as to this element it would be sufficient if he intended that it should happen at any time within which he might reasonably expect his influence to continue to be directly operative in causing such action by those whom he sought to induce. This statement, considered with what was said in the original decision, represents the view of this court as to the proper construction of the statute under consideration; and under the statute as thus interpreted, we say, as before, that the evidence was sufficient to authorize the conviction. In view of what has been said above, it would seem that all contentions made in the motion for rehearing should necessarily fail, based, as they are, upon an erroneous construction of our decision.

■ But to treat the motion as urged to the same extent under the decision as properly interpreted, it is a mere attempt to draw into question the constitutionality of the statute under which the defendant was convicted, where no such question was raised and passed upon in the trial court. Under repeated rulings by this court, a constitutional question can not be so presented. In *Brown* v. *State,* 114 *Ga.* 60 (2) (39 S. E. 873), it was said: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed

on by the trial judge." See also *Griggs* v. *State*, 130 *Ga.* 16· (60 S. E. 103) ; *Conyers* v. *Luther Williams Banking Co.*, 162 *Ga.* 350 (133 S. E. 862), and cit. In *Loftin* v. *Southern Security Co.*, 162 *Ga.* 730 (3) (134 S. E. 760), this court held as follows: "Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." In *Dunaway* v. *Gore*, 164 *Ga.* 219, 230 (138 S. E. 213), the following statement was made: "Indeed it may be said that under the provision of our constitution, art. 6, sec. 2, par. 5 (Code, § 6502), which provides that the Supreme Court 'shall be a court alone for the correction of errors,' this court would in no event have jurisdiction to consider the merits of any question which is either intentionally or unintentionally omitted in the trial court. It is upon errors alleged by the complaining party to have been committed in the court below that this court must confine itself." The provision of the State constitution as referred to in that case declares further, that "The Supreme Court . . shall be a court alone for the trial and correction of errors of law from the superior courts and the city courts of Atlanta and Savannah, and such other like courts as have been or may hereafter be established in other cities." The principles ruled in the foregoing decisions can not be avoided by the circumstances referred to in the motion for rehearing. Regardless of the construction placed upon this statute either by the trial court or by this court, the defendant could have presented to the court below the construction which he deemed to be the proper one and in connection therewith could have attacked the statute upon any chosen constitutional ground. Cf. *Hutchings* v. *Roquemore*, 164 *Ga.* 637 (2) (139 S. E. 216).

In the brief it is stated that under the construction of the statute as adopted by this court, it is unconstitutional for the additional reason that it "at once becomes so indefinite and uncertain that a conviction under it necessarily is a denial of due process." What has been said will apply also to the contention thus made. Furthermore, in *West* v. *Standard Insurance Co.*, 176 *Ga.* 54 (166 S. E. 761), it was said: "The constitutionality of a statute can not be raised for the first time in the brief of counsel filed in the Supreme Court." See also *Houston* v. *Thomas*, 168 *Ga.* 67, 72 (146 S. E. 908). Accordingly, no question as to the constitutionality of

§ 56 is presented, and none is decided. The situation here is different from that involved in *Holliman* v. *State,* 175 *Ga.* 232 (165 S. E. 11), where this court held unconstitutional an act relating to applications for certiorari to review decisions and judgments of the Court of Appeals. The question there decided was one with which a trial court never could have been concerned.

The conclusion reached above is necessarily confined to the power and jurisdiction of this court, and is not contrary to such decisions as the following, which relate to the power and jurisdiction of the United States Supreme Court. Grannis v. Ordean, 234 U. S. 385, 392 (34 Sup. Ct. 779, 58 L. ed. 1363) ; Saunders v. Shaw, 244 U. S. 317 (37 Sup. Ct. 638) ; Missouri ex rel. Mo. Ins. Co. v. Gehner, 281 U. S. 313 (50 Sup. Ct. 326) ; Brinkerhoff-Faris Co. v. Hill, 281 U. S. 673 (50 Sup. Ct. 451) ; American Surety Co. v. Baldwin, 287 U. S. 156 (53 S. E. 98). There is no merit in the motion for rehearing.

The foregoing has been prepared as the decision of this court in accordance with the views of the majority. The writer concurs in all that is said in the first division, and agrees also that the motion for rehearing should be denied. He does not, however, deem it necessary to commit himself either way at this time upon the correctness, under the particular facts of this case, of the reasons given above for the refusal to decide the constitutional question referred to in the motion for rehearing. In the opinion of the writer, the same conclusion may be reached upon a different basis, as to which certain observations will now be made. In the following discussion, however, he will speak for himself alone, and the views expressed will constitute no part of the decision, nor be taken as representing the opinion of any of the other Justices.

In order to raise a constitutional question, it is necessary, among other things, that the particular provision of the constitution alleged to have been violated by the statute shall be clearly designated. *Griggs* v. *State,* supra; *Spielberger* v. *Hall,* 159 *Ga.* 511 (2) (126 S. E. 391) ; *Inlow* v. *State,* 168 *Ga.* 377 (147 S. E. 881). And it must also be stated wherein that provision of the constitution is violated. *Pace* v. *Goodson,* 127 *Ga.* 211 (56 S. E. 363) ; *Curlis* v. *Helen,* 171 *Ga.* 256 (2 c) (155 S. E. 202) ; *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235).

The due-process clause of the fourteenth amendment relates to

life, liberty, and property, and there is more than one kind of liberty. The term may include but is not limited to freedom of speech. Stromberg v. California, 283 U. S. 359 (3) (51 Sup. Ct. 532). The motion fails to state whether it is this or some other right or liberty of which the movant claims to have been deprived by the statute under consideration, and it is only by a study of the decisions cited therein and by statements in the accompanying brief that one is able to discern that it is liberty of speech which the statute is deemed to unwarrantably abridge. Obviously, therefore, the motion does not make a sufficiently definite attack upon the constitutionality of this statute, under the settled rule in this State.

But even to consider on its merits the question thus suggested, it is clear that the statute does not violate the due-process clause of the fourteenth amendment as related to liberty of speech. Any such contention would appear to be conclusively answered by the decisions of the Supreme Court of the United States in Gitlow v. New York, 268 U. S. 652 (45 Sup. Ct. 625); Whitney v. California, 274 U. S. 357 (47 Sup. Ct. 641). In the case last cited Mr. Justice Brandeis filed a special concurrence in which he was joined by Mr. Justice Holmes. Even in that opinion it was said that the right of free speech is not absolute and is subject to restriction "if the particular restriction proposed is required in order to protect the State from destruction or from serious injury, political, economic or moral." And in the same opinion it was further said, "That the necessity which is essential to a valid restriction does not exist unless speech would produce, or is intended to produce, a clear and imminent danger of some substantive evil which the State constitutionally may seek to prevent has been settled." [Italics ours]. In connection with this statement the author cited the case of Schenck v. United States, 249 U. S. 47, 52 (39 Sup. Ct. 247).

Under the statement made in the foregoing opinion by the court as to the sense and meaning of the original decision in the present case, the statute does not fail for want of sufficient certainty. All men subject to its penalties may well know what acts it is their duty to avoid. United States v. Brewer, 139 U. S. 278 (11 Sup. Ct. 538, 35 L. ed. 190). See again the decision in Whitney v. California, supra.

*Motion for rehearing denied. All the Justices concur, except*

RUSSELL, C. J. Not having participated in the original opinion delivered by the court, I decline to participate upon the motion for rehearing.