31402. PERPER *v.* MARKS.

Decided October 3, 1946.

*I. A. Blanch,* for plaintiff. *Fine & Hendrix,* for defendant.

Felton, J. ■ There is only one question of fact to be decided in this case. The defendant admitted buying the thirty blouses for which he had paid. The plaintiff contended that an agent of the defendant ordered the blouses and twenty-four dresses; that the agent ordered twenty-four soldier-blue dresses for which navy-blue dresses were to be shipped if available. The defendant con-

tended that his agent ordered twenty-four dresses in assorted colors and that only navy-blue dresses were shipped and he refused to accept them. The evidence was in direct conflict and the jury was authorized to find that the contract was for assorted colors.

■ The plaintiff contends that a verdict was demanded for him and that the court erred in not applying the law of entire contracts. There is no merit in these contentions because the defendant denied that the contract sued on was made as the plaintiff contended. It is not a case where the contract sued on or set up as a basis for recovery was admitted and where the plaintiff failed to perform it as a whole as made or where there was a breach of warranty by the plaintiff. Under the jury's finding the only contract made was for the blouses and the twenty-four dresses of assorted colors. The contract was performed by the plaintiff as to the blouses, but not as to the dresses. The failure to ship the dresses in assorted colors was a breach of the contract as found by the jury and not a mere breach of warranty as the colors were an express, primary term of the contract.

■ The court did not err in charging that the burden of proof was on the plaintiff. The petition alleged that the plaintiff sold the defendant certain goods and the defendant denied the allegation. There was no plea of confession and avoidance or any affirmative defense.

The appellate division did not err in affirming the trial court's judgment overruling the motion for a new trial.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*