## 18707. CALHOUN v. THE STATE.

Argued September 14, 1954—Decided October 13, 1954.

*J. B. McGee, Jr., Parker & McGee,* for plaintiff in error.

*Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

Mobley, Justice. The sole assignment of error in the remaining special ground is, that the trial court erred in refusing to charge: "That you gentlemen of the jury may, if you find the defendant guilty, recommend that he be punished, as for a misdemeanor," the criticism being that the charge, which was timely requested in writing, was pertinent and applicable to the facts in the case.

The record, separate and apart from the motion for new trial, shows that the defendant's written request, after quoting the desired instruction, stated that the movant contended that sec. 2 of the act of 1939 (Ga. L. 1939, pp. 285, 287; Code, Ann., § 27-2501), in so far as the same pertains to robbery by force not being reducible to a misdemeanor, violates article III, section VII, paragraph VIII, of the State Constitution (Code, Ann., § 2-1908), in that it contains matter different from that expressed in the title to the act.

Every ground of a motion for new trial must be complete within itself. *Dowdell* v. *State,* 200 *Ga.* 775 (3) (38 S. E. 2d 780); *Pippin* v. *State,* 205 *Ga.* 316 (7) (53 S. E. 2d 482); *Darden*

v. *State*, 208 *Ga.* 599 (1) (58 S. E. 2d 559); *Hannah* v. *Kenney*, 210 *Ga.* 824 (3) (83 S. E. 2d 1). "An assignment of error is insufficient which requires the court to refer to the record in order completely to understand the movant's assignment of error." *Zachry* v. *Industrial Loan & Investment Co.*, 182 *Ga.* 738 (2) (186 S. E. 832). Under the provision of our Constitution (Code, Ann., § 2-3704), which provides that the Supreme Court "shall be a court alone for the . . . correction of errors," this court is without jurisdiction "to consider the merits of any question which is either intentionally or unintentionally omitted in the trial court. It is upon errors alleged by the complaining party to have been committed in the court below that this court must confine itself." *Dunaway* v. *Gore*, 164 *Ga.* 219, 230 (138 S. E. 213); *Herndon* v. *State*, 179 *Ga.* 597, 601 (176 S. E. 620). Accordingly, since no question as to the constitutionality of sec. 2 of the act of 1939 is presented to this court, no such question can be decided.

Furthermore, this court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial' judge. *Brown* v. *State*, 114 *Ga.* 60 (2) (39 S. E. 873); *Georgia & Florida Ry.* v. *Newton*, 140 *Ga.* 463 (3) (79 S. E. 142); *Bentley* v. *Anderson-McGriff Hardware Co.*, 181 *Ga.* 813 (1) (184 S. E. 297); *West* v. *Frick Co.*, 183 *Ga.* 182 (187 S. E. 868). It thus appears that merely raising a constitutional question, which is not distinctly passed upon in the trial court, is insufficient to constitute a basis for an assignment of error thereon in this court.

In the present case the most the plaintiff in error can contend for is that the trial court's refusal to charge as requested was by inference or implication a judgment holding that sec. 2 of the act of 1939 was constitutional. "There can be no order or judgment by inference or implication that can be the subject of review by an appellate court." *Putnam Mills &c. Co.* v. *Stonecypher*, 151 *Ga.* 14, 15 (106 S. E. 87); *Touchton* v. *Henderson*, 158 *Ga.* 819 (124 S. E. 529); *College Park Cemetery Properties* v. *Cottongim*, 185 *Ga.* 741 (196 S. E. 409); *Richland Box Co.* v. *Harbuck*, 206 *Ga.* 555 (57 S. E. 2d 666); *Akers Motor Lines* v. *Cook*, 211 *Ga.* 23 (83 S. E. 2d 596).

Applying the foregoing principles to the facts in the present case, the only question that this court can determine is whether the trial court erred in refusing to give the requested charge because it was pertinent and applicable to the facts in the case, and in the present trial on an indictment for robbery by force the court did not err in refusing to charge that the jury could recommend punishment as for a misdemeanor, since sec. 2 of the act of 1939, authorizing in some felony cases such a recommendation, which the judge may follow if he "sees proper" in fixing the punishment, expressly excepts certain named felonies that can not be so reduced, and "robbery by force" is included among the stated exceptions. *Singleton* v. *State,* 196 *Ga.* 136 (1) (26 S. E. 2d 736). As to felonies reducible to a misdemeanor, sec. 2 of the act of 1939 was controlling, in the absence of any sufficient attack on constitutional grounds.

*Judgment affirmed. All the Justices concur. Head, J., concurs specially.*