### 21486. FRASHIER v. THE STATE.

MOBLEY, Justice. That a constitutional question may not be raised for the first time in a motion for new trial is too well settled to be seriously questioned. *Brown v. State,* 114 Ga. 60 (2) (39 SE 873); *Ga. & Fla. Ry. v. Newton,* 140 Ga. 463 (3) (79 SE 142); *Bentley v. Anderson-McGriff Hardware Co.,* 181 Ga. 813 (1) (184 SE 297); *West v. Frick Co.,* 183 Ga. 182 (187 SE 868); *Calhoun v. State,* 211 Ga. 112 (84 SE2d 198). It is apparent from the face of the motion for new trial that the defendant made no effort whatever to raise the question during the trial of the case and he cannot be heard to raise it now. See *Williams v. State,* 210 Ga. 665 (82

SE2d 217), cause remanded, 349 U. S. 375 (75 SC 814, 99 LE 1161), adhered to 211 Ga. 763 (88 SE2d 376), cert. den., 350 U. S. 950 (76 SC 326, 100 LE 828), reh. den., 350 U. S. 977 (76 SC 443, 100 LE 847).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1962—DECIDED FEBRUARY 8, 1962.

*D. L. Lomenick, Jr., Robert E. Coker,* for plaintiff in error.

*Earl B. Self, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

Edward C. Frashier, after having been indicted for the murder of Henry Page, was tried before a judge and jury, found guilty, and sentenced to life imprisonment. The defendant filed his motion for new trial based on the general grounds and a special ground, which stated: "[that] he desired to offer himself as a witness in his own behalf, but did not do so in the trial of said case, because it would have been a futile endeavor under settled Georgia law interpreting Section 38-415 and 38-416 of the 1933 Annotated Code of Georgia. That by movant not having offered himself as a witness in his own behalf in said trial, he was deprived of his constitutional rights under the Fourteenth Amendment to the United States Constitution. . . Movant shows that he was deprived of his liberty without due process of law within the meaning and prescription of that portion of the Fourteenth Amendment which provides: 'Nor shall any State deprive any person of life, liberty, or property without due process of law,' in that to deny movant the right to be sworn and testify as a witness, *which right he did not claim at the trial,* deprived him of his liberty without due process of law." (Italics ours).

Defendant abandoned his general grounds, choosing to proceed instead on the special ground set out above.