## 39371. HARROLD v. THE STATE.

NICHOLS, Presiding Judge. On April 17, 1961, the plaintiff was indicted for burglary and on May 31, 1961, after formal arraignment and a plea of not guilty, was tried and convicted. Thereafter, his motion for new trial as amended was denied and he now assigns error on such judgment. *Held:*

1. The defendant expressly abandons special ground number 1 of the amended motion for new trial.

2. The sole remaining special ground of the amended motion for new trial complains that the defendant was denied his constitutional rights to have benefit of counsel at all times before the trial of the case, while a confession was made and while the defendant pointed out to the investigating officers the route taken by him on the night of the alleged burglary; however, the real complaints seem to be that such evidence was introduced on the trial, but no objection was made, according to the record, to any evidence adduced on the trial of the case, and no question for consideration is made, for, at the time the evidence was introduced, the defendant was represented, and the time to object to such evidence was on the trial of the case and not for the first time in the motion for new trial. See *Seymour v. State,* 210 Ga. 21 (77 SE2d 519); s.c., 210 Ga. 571 (81 SE2d 808); *Harrison v. State,* 83 Ga. App. 367 (64 SE2d 83). Such situation is distinguishable from such cases as *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691), where a writ of habeas corpus was sought because the defendant was not represented by counsel at any time until after judgment.

The evidence authorized the verdict of guilty and the trial court did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED MARCH 1, 1962—REHEARING DENIED
MARCH 15, 1962.

*Al Jennings*, for plaintiff in error.
*George D. Lawrence, Solicitor-General*, contra.