### 39455. HARROLD v. THE STATE.

DECIDED APRIL 26, 1962—REHEARING DENIED MAY 3, 1962.

*Al Jennings,* for plaintiff in error.

*George D. Lawrence, Solicitor-General,* contra.

JORDAN, Judge. 1. Special ground 1 of the amended motion for new trial, which contends that a confession was illegally obtained from the defendant at a time when the defendant had been denied his constitutional right to benefit of counsel, presents no question for determination, for it appears from the record that the defendant was represented by counsel on the trial of this case and that no attack was made upon the alleged "confession" at the time it was offered in evidence. The time to object to said evidence, and thus raise the question of the alleged denial of the defendant's constitutional rights, was on the trial of the case and not for the first time in the motion for new trial. *Frashier v. State,* 217 Ga. 593 (124 SE2d 279); *Harrold v. State,* 105 Ga. App. 555 (125 SE2d 217). As stated in the *Harrold* case, supra, the situation presented here is distinguishable from that present in such cases as *Fair v. Balkcom,* 216 Ga. 721 (119 SE2d 691), where a writ of habeas corpus was sought because the defendant was not represented by counsel at any time until after judgment.

2. The trial court did not err in admitting into evidence over objection the State's exhibits numbered 28, 29 and 30, as contended in special grounds 2, 3, and 5. There was some evidence connecting these articles with the matter under investigation, and as stated in *Talbotton R. Co. v. Gibson,* 106 Ga. 229, 236 (32 SE 151), "Evidence which is only indirectly relevant to the issue on trial, but which tends somewhat to illustrate it and to aid the jury in arriving at the truth of the matter, should be admitted."

3. Special ground 5 contends that the trial court erred in refusing to allow the defendant to be sworn as a witness. While

it is contended that various enumerated constitutional rights of the defendant were violated by the refusal to allow him to be sworn, no direct constitutional attack was made on *Code* § 38-415 (See *Harrold v. State,* 217 Ga. 612, 124 SE2d 73), and the record in this case discloses that the trial court accorded the defendant the right to have his counsel elicit his statement from him by examination in accordance with the recent decision of the United States Supreme Court in Ferguson v. Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783). This ground is therefore without merit.

4. The evidence in this case is sufficient to authorize the verdict and the general grounds and special ground 6, which is merely an elaboration of the general grounds, are without merit. The jury was fully authorized to find that certain incriminatory admissions attributed to the defendant and introduced into evidence without objection were freely and voluntarily made, and there is no merit to the contention that the defendant's conviction was based upon a "confession" illegally obtained from him.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*