## 48795. WILLIS v. KEMP.

EVANS, Judge. Plaintiff, an attorney at law, sued the defendant, another attorney at law, for rent due for use of plaintiff's law office and for attorney fees and interest. Plaintiff contended there was an express agreement between him and defendant for payment of a sum certain as rental. Defendant admitted plaintiff's ownership and that he occupied the premises, but he contended that he was to "assist" plaintiff in his practice in return for free rent, and he denied any agreement to pay rent, and denied being indebted to plaintiff for any sum or rent.

The lower court denied all claims for rent more than four years old, and the case was then tried before a jury. Plaintiff's motion for directed verdict was denied. The jury returned a verdict in favor of the defendant, upon which judgment was entered, and plaintiff appeals. *Held:*

1. Testimony relating to other evidence before the jury, which tends to illustrate, or explain the issue, or aid in arriving at the truth, is properly admitted, although it may appear to be irrelevant when considered alone. *Walker & Chapman v. Mitchell & Co.,* 41 Ga. 102; *Harrold v. State,* 105 Ga. App. 853, 854 (126 SE2d 278); *Talbotton R. Co. v. Gibson,* 106 Ga. 229, 236 (32 SE 151). The testimony objected to by plaintiff was that he had previously offered another lawyer an opportunity to come into the law office of plaintiff to practice as an associate, without payment of rent.

This testimony tended to illustrate the issue here in dispute. Further, plaintiff had denied that he made such rent-free agreement to this lawyer; and the testimony objected to was clearly admissible to rebut the plaintiff's testimony. The court did not err in allowing same in evidence.

2. Plaintiff contends the court erred in refusing to charge the jury that the burden was on defendant to show a defense to plaintiff's claim, and contends that he requested in writing that the court so charge. But the plaintiff had the burden of proof (see *Perper v. Marks,* 74 Ga. App. 311 (3) (39 SE2d 588)), and to have so charged would have erroneously shifted the burden from plaintiff to the defendant, by requiring defendant to prove his defense in order for defendant to prevail. Then what would plaintiff have been required to prove? Of course, if a defendant files an affirmative defense, ordinarily he has the burden of proving such affirmative defense. See Code § 38-103; *Williamson, Inman & Co. v. Thompson,* 53 Ga. App. 821, 826 (187 SE 194). As is explained in the *Williamson* case, supra, it is only when the defendant *admits the essential facts* of petition, and sets up other facts in justification or avoidance, that defendant has the burden of proving such affirmative defense. Defendant here did admit plaintiff's ownership and defendant's occupancy, but that was not the crux or the essentials of plaintiff's case. Plaintiff was suing on an alleged *express contract* by which he claimed defendant agreed to pay a sum certain as rent; and defendant denied there was any such express contract. His answer was therefore not an affirmative defense as to which he was required to carry the burden of proof.

3. Plaintiff contends the court should have charged Code § 61-103. One of his written requests asked that certain Code sections be charged. He seems to contend that the trial court should have charged that "where title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied ..." But he only requested that Code § 61-103, and certain other Code sections *by number only,* be charged. That is all the court would have been required to charge, assuming it was otherwise proper to so charge. To have instructed the jury that, "Code § 61-103 applies in this case" would have been completely unintelligible to them. This request was not in proper form.

Next, even if the desired language had been written out in the request, it would have been erroneous to charge it. The plaintiff relied on an *express* contract, and not on an *implied* contract.

Plaintiff testified that defendant *expressly agreed* to pay $150 per month as rent, which was later increased to $200 per month. (Tr. pp. 105, 139, 166, 176-197, 204-212; Pl. Ex. 4, Tr. pp. 533-642). Thus, having elected to rely on an *express* contract, he is not entitled to rely on and have the court charge on *implied* contract. Under the doctrine of election of positions and election of remedies, plaintiff was required to decide on his course and hold to it, and not "swim hither and thither in a sea of legal uncertainty until he has been transfixed by the harpoon of a final judgment." *Board of Ed. of Glynn County v. Day*, 128 Ga. 156, 166 (57 SE 359). The following language from this same page of the above authority is quite expressive: "If he may change his mind once after having assumed and thus declared his position and based his suit upon it, why may he not do so again? And where is the limitation upon decision and re-decision, selection and re-selection, and vacillation between inconsistent positions and remedies, as it may appear to the litigant from time to time that his chances are better in one direction or the other?" In *Frank & Meyer Neckwear Co. v. White,* 29 Ga. App. 694 (3) (116 SE 855), the general rule is cited, to wit, that, "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration." This rule is cited also in *Fenn v. Ware & Owens,* 100 Ga. 563, 566 (28 SE 238).

Of course, it is the law of this state, as is held in the cases hereafter cited, that where *no amount of rent* is agreed upon the law will *imply* an undertaking to pay such rent as would be fair and reasonable. *New v. Quinn,* 31 Ga. App. 102 (4) (119 SE 457); *Cooper v. Vaughan,* 81 Ga. App. 330, 340 (58 SE2d 453); *Smith v. Abercrombie,* 89 Ga. App. 129 (3) (78 SE2d 826). But here the plaintiff seeks to apply the above law to an opposing set of facts, to wit, where the amount of rent was agreed upon, according to his contentions. Accordingly, we hold that the above law cannot be applied to the facts in this case.

It has likewise been held that one is estopped to recover on quantum meruit where there exists an express agreement. *Alford v. Davis,* 21 Ga. App. 820 (4c) (95 SE 313); *Shropshire v. Heard,* 27 Ga. App. 256 (107 SE 892); *Brannen v. Lanier,* 97 Ga. App. 30 (102 SE2d 96). Having sued to recover on an express contract for rent he is not entitled to recover on quantum meruit. See *Napier v. Strong,* 19 Ga. App. 401 (2) (91 SE 579); *Seaboard*

*A.-L. R. Co. v. Henderson Lumber Co.,* 28 Ga. App. 391 (111 SE 220). This complaint is not meritorious.

4. The court did not err in submitting to the jury defendant's defense that no rent was due because plaintiff had accepted defendant's services in lieu of rent.

5. If a landlord permits one to occupy premises free, an obligation would arise to pay rent once the landlord notifies tenant that the rent free arrangement had terminated. *Childrey v. Brantley,* 52 Ga. App. 146, 147 (182 SE 675); *American Airmotive Co. v. Meyer,* 81 Ga. App. 554 (59 SE2d 514). The court charged the jury it might find from the preponderance of the evidence in favor of the defendant's contention that he was to occupy the premises rent free, and that defendant was to render valuable service to the plaintiff; he also instructed the jury that if plaintiff never orally or in writing altered this agreement by demanding that defendant pay rent, it was the duty of the jury to return a verdict for the defendant. There was no harmful error in this charge, as plaintiff contended, and offered testimony to show there was a definite express rental agreement. Defendant contended and testified that there was only a rent free agreement with a promise by defendant to render service in lieu of rent. We find no error here.

6. Plaintiff sued for rent due for a seven year period. The court ruled that the statute of limitation barred any claim for any period beyond four years. In this ruling he was correct. See Code § 3-706. But plaintiff insists that defendant promised to eventually pay all rent, and that this would authorize the suit for the entire seven year period. Code §§ 3-901 and 20-401 (6) require such a renewal of the debt to be in writing. There was no written agreement to revive the barred debt, and there is no exception thereto in Code § 20-402. The court did not err in restricting the finding of the jury to the last four years.

7. The jury found for the defendant, and that no sums were due. Accordingly, plaintiff was not entitled to attorney fees, for he had to recover other elements of damage before he could recover attorney fees. *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (5, 6) (106 SE2d 45). Moreover, this is the only litigation arising out of this controversy, and defendant was entitled as a matter of right to contest the issue raised by plaintiff's suit. *Story v. Howell,* 85 Ga. App. 661, 664 (70 SE2d 29).

8. The trial court did not err in excluding defendant's income tax returns by which plaintiff sought to show he had not listed his

"free rent" as an item of income. This would have shed no light on the issue as to whether defendant owed plaintiff any rental, and was not relevant.

9. Plaintiff enumerated error because the court failed to charge "his written Requests to Charge." The first written request was for the court to charge six different sections of the Annotated Code. He argued only Code § 61-103, which was considered in Division 3. The court did charge the substance of two of these Code sections. None of these requests is in proper form (see Division 3). Further, we point out that they have been abandoned by failure to argue same. The other written request submitted was ruled upon in Division 2 above.

10. While plaintiff's evidence might have authorized a verdict in his favor, defendant's evidence controverted same; under no circumstances was plaintiff entitled to a directed verdict.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED NOVEMBER 7, 1973 — DECIDED JANUARY 18, 1974 — REHEARING DENIED FEBRUARY 4, 1974 —

*Thomas Hylmon Wall, III,* for appellant.

*Martin, Snow, Grant & Napier, Edward J. Harrell, George C. Grant,* for appellee.